THE JOHN K. GILKINSON.

(District Court, S. D. New York. January 29, 1907.)

1. SHIPPING—PROCEEDING FOR LIMITATION OF LIABILITY—JURISDICTION.

·Under admiralty rule 57 (9 Sup. Ct. iii), where the owner of a vessel has been sued on a claim for damages against which he is entitled to a limitation of his liability under the statute, but the vessel has not been libeled, a proceeding for limitation of liability may be brought in the District Court either of the district in which the owner has been sued or in that of the district in which the vessel may be, and an allegation in the petition that the vessel is within the district gives the court ·jurisdiction.

[Ed. Note.—Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

2. SAME.

Where a District Court has acquired jurisdiction of a proceeding for limitation·of liability for a claim for damages on which the owner has been ˈsued in another district, the claimant cannot defeat such jurisdiction

by appearing specially and offering or attempting to reduce the amount of his claim below the appraised value of the vessel and her pending freight.

In Admiralty. Proceeding for limitation of liability. On exceptions to petition for want of jurisdiction.

Alexander & Ash, for petitioner.

Richard J. Donovan, Albert A. Wray, and Stephen Callaghan, for claimant.

ADAMS, District Judge. An ordinary action to limit liability as owner of the steamtug John K. Gilkinson, was begun by the Hudson Towboat Company in this court on the 13th of November, 1906. The petition alleged that the said company was the owner of the said boat; that on the 17th of May, 1906, said tug was hired to tow two scows from the port of New York to the dumping grounds at sea and return; that pursuant to the hiring the tug took one of the scows in tow at the City of New York and took her to the foot of York street, Jersey City, where she picked up the other scow; that she then took both scows in tow tandem on a hawser in the usual manner so arranged that the scows might be safely separated in case of necessity through adverse weather, such separation not to be made, however, except upon orders of the master of the tug; that about 7:30 P. M. while the tug was properly manned and equipped and was proceeding to sea through the Swash Channel, the sea being then smooth, the scowman on the tail scow wrongfully and without orders from the tug, and in violation of his duties, attempted, of his own volition, to cast off the lines running from the forward corner bitts of his vessel to the after corner bitts of the other scow, and in so doing negligently allowed his leg to be caught between one of the hawsers and one of the forward bitts of his vessel, the effect of which was to cut his leg off below the knee; that hails were subsequently heard from the scow on the tug which immediately went back to the tow and the injured man taken off; that an action at law was brought by the said scowman, one Bernard Laughlin, in the United States Circuit Court for the District of New Jersey to recover $25,000 for injuries alleged to have been sustained by him; that the residence of said Laughlin is unknown to your petitioner except that it is stated in the complaint that he is a resident of the State of New York; that the attorney for the plaintiff is Richard J. Donovan of 170 Broadway, Borough of Manhattan, New York City; that the amount of the claim far exceeded the value of the vessel at the termination of the voyage; that the voyage terminated on the 17th day of May, 1906, and the value of the tug at the close of the voyage did not exceed $10,000 and she earned no freight or charter money on the voyage. Then follow the usual allegations in matters of this kind and a prayer for an appraisement. Subsequently upon proceedings duly taken, an appraisement was had and the value of the tug the 17th of May, 1906, determined to be $10,000.

Thereafter, the claimant Laughlin appeared in the action and filed exceptions and exceptive allegations (The Seminole [D. C.] 42 Fed. 924), as follows:

"Bernard Laughlin, the claimant named in the petition herein specially appearing in this proceeding for the purpose of contesting the jurisdiction of this court, excepts to the libel and petition herein and files his exceptive allegations as hereinafter set forth viz.:

First: In that the petitioner is a resident of the District of New Jersey (Petition, First Article); that there is no lien or claim upon said Steamtug 'John K. Gilkenson' in said petition named of any kind or nature and no lien or claim prior or paramount to any lien or claim which may have accrued by reason of the matters in said petition set forth (Article 10); that said steamtug with her tow started to sea from Jersey City in said District of New Jersey on the voyage in question (Article 2); that said steamtug since the termination of said voyage has been engaged in her usual occupation in and about the harbor of New York (Article 10); it appearing from said allegations that from the time of said accident until the time of the filing of said petition said steamtug was at times in the District of New Jersey, the home district of her owner; that at the time of said accident and at the time of filing said petition an action was pending in the United States Circuit Court for the District of New Jersey, brought by Bernard Laughlin this exceptant against said petitioner to recover damages at law upon his said claim (Article 7).

Second: In that the said steamtug was worth, at the time of filing said petition, the sum of Ten thousand ($10,000) Dollars (Article 8 Report of Thomas Alexander, Esq., Commissioner); that upon the hearing before said Commissioner said Laughlin was represented by counsel appearing specially and that thereupon said Laughlin reduced his claim and demand herein to the sum of Nine thousand ($9,000) Dollars (Report of Thomas Alexander, Esq., exceptive allegation Article 1).

Third: In that said deponent does not allege that said steamtug was not within the waters of the District of New Jersey on her return from the voyage upon which the said accident occurred, nor at the time said owner was sued in this behalf in the Circuit Court for the District of New Jersey, nor at any time before the filing of said petition.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Exceptive allegations of Bernard Laughlin, claimant, specially appearing to contest the jurisdiction of this Honorable Court respectfully show:

First: That an order of this Court was made herein to Thomas Alexander, Esq., Commissioner, to take proof of the value of the said Steamtug 'John K. Gilkenson,' her engines, etc., and her pending freight. That said Bernard Laughlin specially appeared by counsel before said Commissioner and took no part in the proceeding before said Commissioner except to enter his objections and the ground of his objections upon the minutes of said proceedings. That said Commissioner took proof of value of said steamtug her engines, etc., and her pending freight and thereupon reported to this Honorable Court that the value of the same was Ten thousand ($10,000) Dollars at the time of the accident and at the time of filing said petition.

Second: That said Bernard Laughlin reduced his claim and demand herein to the sum of Nine thousand ($9,000) Dollars and had the same noted upon the said minutes of said Commissioner before any evidence was offered of the value of said steamtug all of which appears upon the report of said Commissioner and the testimony thereto annexed."

Supreme Court Rule 57, as amended in 1889 (9 Sup. Ct. iii), provides as follows:

"The said libel or petition shall be filed and the said proceedings had in any District Court of the United States in which said ship or vessel may be libeled to answer for any such embezzlement, loss, destruction, damage, or injury; or, if the said ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued in that behalf. When the said ship or vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner or owners, or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be, and where it may be subject to the con-

trol of such court for the purposes of the case as hereinbefore provided. If the ship have already been libeled and sold, the proceeds shall represent the same for the purposes of these rules."

The allegation of the petition relating to jurisdiction is:

"First: The petitioner herein is a foreign corporation organized and existing under and by virtue of the laws of the State of New Jersey, and is and at the times hereinafter mentioned was the owner of the said steamtug 'John K. Gilkinson,' her engines, etc., which said vessel is now within this District, and within the jurisdiction of this Court."

Mr. Benedict in his work on Admiralty, in considering Rule 57, says (pages 321 and 322):

"§ 563. Three Cases provided for by Rules.—A Fourth Case.—It is a question whether these rules of the Supreme Court are exclusive even as to the cases which their language covers, for the Supreme Court has held that the intention of the rules was 'to facilitate the proceedings of owners of vessels' and not apparently to restrict them.

But the language of the 57th Rule seems to provide for the three following cases.

1. Where the vessel has been libelled and she or her proceeds is in custody (for the word libelled in the rule cannot mean merely the filing of a libel without arrest) and no suit has been brought against her owner.

2. Where the vessel has not been libelled, but her owner has been sued.

3. Where the vessel has not been libelled and her owner has not been sued. There is a fourth case, not provided for in the rule, viz.:

4. Where the vessel has been libelled and the owner has also been sued.

In the first case by the rule the petition must be filed in the district in which the vessel or her proceeds is libelled and in custody.

In the second case it must be filed in the district in which the owner has been sued, or in the district in which the vessel may be.

In the third case it must be filed in the district in which the vessel may be."

The allegation in the petition, "which said vessel is now within this district, and within the jurisdiction of this Court," seems to bring the case within the class of cases which is provided for by the words of the rule: "or in the district in which the vessel may be."

The exception is overruled.

2. The 2nd exception relates to an effort to oust the court of jurisdiction by appearing specially herein and attempting to reduce the claim to $9,000.

The only forum which had jurisdiction to reduce the claim was that of the New Jersey Court where the action to recover $25,000 was brought. It does not appear that any steps looking to that result have been taken there.

But in any event, when a court once acquires jurisdiction in a matter of this kind, it cannot be divested of it by any act on the part of the plaintiff in attempting to reduce his claim. The Tolchester (D. C.) 42 Fed. 180.

This exception is also overruled.

3. The 3rd exception was not pressed upon the argument and may be disregarded.

Exceptions overruled.