## THE JOHN K. GILKINSON.

(District Court, S. D. New York. October 7, 1907.)

1. SHIPPING—PROCEEDING FOR LIMITATION OF LIABILITY—JURISDICTION.

A tug, which, in the pursuit of her business, was frequently within the Southern district of New York, and was there in a regular way at the time of the filing of a petition for limitation of liability by her owner, was within the district for the purpose of giving the court jurisdiction, under admiralty rule 57, although the domicile of the owner was elsewhere.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, §§ 648, 649.

Limitation of owners' liability, see note to The Longfellow, 45 C. C. A. 387.]

2. SAME.

Where a District Court has obtained jurisdiction of a proceeding for limitation of liability on a claim for which the owner has been sued, the claimant cannot defeat such jurisdiction after the vessel has been appraised by reducing his claim below the appraisal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 648.]

3. TOWAGE—INJURY OF SCOWMAN ON TOW—LIABILITY OF TUG.

The injury of a scowman, in charge of a scow being towed behind another to the dumping grounds, whose leg was caught and cut off by a line while he was attempting to lengthen the towing hawser, held on the evidence to have been due to his own negligence, and not to any fault of the tug.

In Admiralty.

See 150 Fed. 454.

Clifford C. Roberts and Peter Alexander, for petitioner.
Wray & Callaghan, for claimant.

ADAMS, District Judge. This action was instituted by the filing of a petition by the Hudson Towboat Company, as owner of the tug John K. Gilkinson, for limitation of liability. The limitation was opposed by Bernard Laughlin, a scowman on the scow H. C. No. 3, who had one of his legs cut off on the 17th of May, 1906, by a line en-

tangling it while the tow was proceeding from New York to sea for the purpose of dumping the said scow and another one, the Neptune. The latter was the leading scow. She was attached to the tug by a hawser of about 100 feet long when the tow started and the No. 3 was fastened closely to her stern, there not having been more than 3 or 4 feet between them. After passing the Battery, the towing hawser was lengthened to nearly its full length of about 700 feet. There was a short hawser on board of No. 3, to be used between the scows when it should become necessary to part them on reaching rough water.

This matter was before the court early in the year on exceptions to the jurisdiction urged by the claimant. The John K. Gilkinson (D. C.) 150 Fed. 454. These exceptions are renewed here upon the allegation that the facts proved differ from those alleged in the petition.

It is now claimed with respect to the first exception that the tug was not legally within this district but only temporarily here for the purpose of having the court entertain the matter. There are some expressions in the testimony of the petitioner's general manager which, if read alone, would form some basis for the contention, but taking the statements altogether, I do not consider that they should be construed to have the claimed effect. There can be no doubt that the vessel was actually within the district when the libel was filed and that although she belonged, according to the domicil of her owner, in New Jersey, yet she was frequently in the district in the pursuit of her business of towing. At the time in question she came to New York in a regular way and was simply detained a short time for the purpose of the filing of the libel while she was actually here. In the absence of clear evidence of an attempt to invoke the jurisdiction of the court by improper means, it seems that this was the correct forum to determine the question involved. There is no substantial difference between the present attitude of the case and the one alleged in the petition, which was the subject of consideration when the exception was first urged.

Regarding the second exception, the claim is that as the claimant demands only $9,000. damages and the value of the vessel has been fixed at $10,000., the petition should be dismissed. The original claim was $25,000. and it was only reduced when it was found that the vessel was valued at $10,000. The court had already acquired jurisdiction and it could not be defeated by a subsequent change in the attitude of the claimant. This feature was also discussed when the exceptions were first heard. The John K. Gilkinson, supra.

On the merits of the case, it appears that the accident occurred about 10 o'clock P. M. The tide was ebb and the Gilkinson was utilizing it to take her tow to sea. The night was calm. When about half way to the dumping grounds, which were about 30 miles from New York, the scowman endeavored to lengthen the distance between the scows. No. 3 was then being towed by two short lines running from the Neptune to No. 3's forward bitts. The tow was already arranged by the scowmen for the sea towing, where it was expected that rough water might be encountered. This was done by a hawser and bridle about 60 fathoms in length, called an intermediate hawser, leading from the stern of the Neptune to posts on the forward end of No. 3. This

hawser was not in use, except so far as the scowman of No. 3 improperly used a part of it on the starboard side, leaving the remainder coiled up on his bow, as a side line instead of taking his own side line for that purpose. The effect of this was to lead the line across the forward end of his scow and when he attempted to throw it off, the accident happened.

A tow of this kind is under the charge of the tug which instructs the scows by whistle signals. The claimant's contention is that on the way down the water became rough and the scowman, after endeavoring for some time to obtain instructions from the tug finally received a signal and then removed the side lines with a view of using the hawser and in doing so the leg of the scowman on No. 3 became entangled with that portion of the hawser which was lying on his deck and very quickly the tautening of the hawser cut his leg off above the ankle. .

The claimant contends that it was necessary to use the hawser on account of the rough water and that having received a signal it was the duty of the scowmen to proceed as they did, but the operation to be successful required the cooperation of the tug by stopping or lessening her speed, which she failed to do.

The tug claims that the weather was so calm that there was no necessity whatever for resorting to the intermediate hawser and no instructions or signals were given by her to that effect and therefore she did not stop or lessen her speed but kept on at the rate of about 5 miles, intending to resort to that hawser when she reached a point outside should it become necessary.

The tug's contention seems to be correct. When the accident happened the tow was still within the protected waters of the Bay and the great preponderance of the evidence, including the records of the United States Weather Observer, fully establishes that there was no condition of the atmosphere which would tend to create such a disturbance of the waters as to require the lengthening of the hawser. When the tow started there was practically no wind; between 7 and 8 P. M. it was 4 miles an. hour; between 8 and 9 P. M. 3 miles; between 9 and 10 P. M. 6 miles; between 10 and 11 P. M. 13 miles, and between 11 P. M. and midnight 23 miles. All this was from the northwest, which would be practically in the same direction that the tide was running in the Bay.

. There was no necessity for slowing or stopping and that fact justified the tug in proceeding and tends to confirm the testimony on her part that there was no reason for a reduction of speed or cessation of headway and that, therefore, she gave no signals and received none.

It seems that the accident was due to the claimant's own fault. He was not justified in lengthening the hawser but assuming that he was, there is no such adequate explanation of the accident as would impose any liability on the tug. The scowman knew, or should have known the effect of starting to tow with the hawser, in drawing it off his scow's deck, and should have kept out of its way, which he could easily have done. .

The petition is sustained and the claim dismissed.