In re LOUISVILLE & CINCINNATI PACKET CO.

(District Court, E. D. Kentucky. April 3, 1915.)

No. 2948.

1. SHIPPING &#9758;209—LIMITATION OF LIABILITY—JURISDICTION OF PROCEEDINGS.

Rev. St. §§ 4283-4285 (Comp. St. 1913, §§ 8021-8023), giving to shipowners the right to limit their liability in certain cases, originally enacted in 1851, contemplate a distribution of jurisdiction of proceedings thereunder in accordance with the general principles of jurisprudence, and apart from admiralty rule 57 (29 Sup. Ct. xlvi), relating to procedure in such cases, first adopted by the Supreme Court in 1872, and subsequently enlarged, any District Court having custody or control of the vessel or property to be distributed, or having such property within its district so that such custody could be acquired under its process, had jurisdiction of the proceedings.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646-655, 659, 661, 662; Dec. Dig. &#9758;209.]

2. SHIPPING ⬤⟳209—LIMITATION OF LIABILITY—JURISDICTION OF PROCEEDINGS—"MAY BE."

In admiralty rule 57 (29 Sup. Ct. xlvi), relating to proceedings by shipowners for limitation of liability, as amended by the addition of the provision that, "when the said ship or vessel has not been libeled, * * * and suit has not been commenced against the said owner, * * * or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be, and where it may be subject to the control of such court for the purposes of the case," the words "may be" must be construed as referring to the time when the limitation proceedings are commenced, and the District Court of the district where the vessel then is has jurisdiction of such proceedings, although suits against the owner have been brought in another district, and although the vessel may have been in such district when they were commenced, where she was not libeled.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. ⬤⟳209.

For other definitions, see Words and Phrases, First and Second Series, · May Be.]

In Admiralty. In the matter of libel of the Louisville & Cincinnati Packet Company, as owner of the steamboat Indiana, for limitation of liability. On motion to dismiss for want of jurisdiction. Motion denied.

R. C. Kinkead, of Louisville, Ky., for claimants.
Harvey Myers, of Covington, Ky., for Louisville & C. Packet Co.

COCHRAN, District Judge. This cause is before me on motion by claimants to dismiss the libel for want of jurisdiction. They contend that jurisdiction thereof is in the District Court for the Western District of this state.

The libelant is a Kentucky corporation. It owns and operates a line of steamboats between Cincinnati, Ohio, and Louisville, Ky., for the carriage of freight and passengers. The course over which it operates them is mainly in this district. All of it is therein except so much thereof as is in Jefferson and Oldham counties, Ky., in the first of which Louisville is located. As required by the statute of Kentucky, on May 6, 1901, the libelant filed with the Secretary of State a statement wherein it set forth that its places of business in Kentucky were Louisville and Covington, and that a certain person, named, of Louisville, and two certain persons, named, of Covington, were their agents thereat upon whom process might be served in any suit that might be brought against it within the state of Kentucky. This statement was made at Cincinnati, Ohio, by its secretary, on its behalf.

Counsel for claimants has it that it sets forth that Louisville is the home office of the libelant. But they are mistaken as to this. That on which reliance is had to substantiate this position is not part of the statement made by the libelant to the Secretary of State. It is merely an indorsement thereon made by the Secretary of State. Louisville is not the home office or principal place of business of the libelant. As appears from the affidavit of its secretary, with which everything else

agrees, that office and place of business is at Cincinnati. Its president, general manager and treasurer, and secretary reside, the two former at Covington, and the last in Campbell county, opposite Cincinnati, in this district, and its vice president at Cincinnati, and no officer of it resides at Louisville, or in the Western district. The home port of its steamboats is at Cincinnati. Its harbor or place of landing for its steamboats, when out of commission and laid up on account of low water, is at Newport, in Campbell county.

One of the libelant's steamboats is named Indiana. On the night of July 4, 1914, as it was proceeding on one of its return trips from Louisville to Cincinnati, at a point above Patriot, Ind., and about 50 miles from Cincinnati, in this district, it collided with a gasoline launch, named Sunshine, on board of which the claimants, nine in number, then were, going in the same direction. They were residents of Louisville, and so also was the owner of the launch. Thereafter they brought separate suits against the libelant in the circuit court of Jefferson county to recover damages for injuries which they claimed they had sustained by reason of the collision, the amounts sued for therein totaling the sum of $109,400. At the time five of them were commenced—the first five to be brought—the Indiana was at Louisville. At the time the libel herein was filed she was laid up, out of commission, and tied to the bank at the libelant's harbor or place of landing at Newport on account of low water. The limitation of liability sought herein is to the value of the Indiana immediately after the collision and her then pending freight.

The motion to dismiss is made by eight of the claimants. The ground upon which they contend that jurisdiction of the libel is in the District Court for the Western District, and not in this court, is that at the time it was filed the libelant was then sued in the Western district, in the circuit court of Jefferson county, as hereinbefore stated, and at the time the first five of the suits were commenced the Indiana was in that district at Louisville. This contention is based on the fifty-seventh rule in admiralty (29 Sup. Ct. xlvi), by which jurisdiction of libels to limit liability is attempted to be distributed.

[1] Before considering how the matter stands under this rule it should be viewed apart therefrom. Clearly it was not essential that the Supreme Court promulgate any rule on this subject in order for the District Courts to have the right to exercise such jurisdiction. In its absence, at least, such jurisdiction would be distributed in accordance with the general principles of jurisprudence. Such is the case now as to the general jurisdiction in admiralty. There is no statute or rule promulgated by the Supreme Court distributing it. In the case of In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991, it was held that suits in admiralty did not come within the venue or distributing clause of section 1 of the general jurisdictional act of 1887-88 (Act March 3, 1887, c. 373, § 1, 24 Stat. 552), and that, therefore, a libel in personam can be maintained for any cause within the jurisdiction of a court of admiralty wherever a monition can be served upon the libelee, or an attachment made of any personal property or credit of his. This is in accordance with the general principles

of jurisprudence. According thereto a court has jurisdiction to proceed against a person when it has served him with its process within its territorial jurisdiction or against his property when it has so seized it, if it has jurisdiction of the subject-matter. For a long time there was no rule distributing the special jurisdiction involved herein. The statute creating it was enacted March 3, 1851, and the rules relating to it were first promulgated May 6, 1872. The fifty-seventh rule as then promulgated did not distribute all cases of such jurisdiction. It was enlarged April 22, 1889 (130 U. S. 705, 9 Sup. Ct. iii), and even as thus enlarged it does not cover all cases thereof. Clearly, then, until the original promulgation in 1872, jurisdiction of this character was distributed in accordance with such principles, and until the enlargement of 1889, in so far as it was not covered by the rule, it was so distributed. It could not otherwise have been exercised.

Besides, the statute creating the jurisdiction contemplates such distribution. It consists of three sections, to wit, 4283, 4284, and 4285, Rev. St. U. S. (Comp. St. 1913, §§ 8021–8023). On their face section 4283 is substantive in character, and sections 4284 and 4285 are adjectival or procedural. The two latter are not as broad as the former. White v. Island Transportation Co., 233 U. S. 346, 34 Sup. Ct. 589, 58 L. Ed. 993. Section 4283 is negative in its terms. It merely provides that in cases covered by it the liability of the owner of the vessel shall not exceed the amount or value of his interest in the vessel and her freight then pending. It does not expressly confer on the vessel owner a right to institute a proceeding to limit his liability thereto. But it does confer such right by implication. The basis of the implication is the circumstance that sections 4284 and 4285 authorize the vessel owner in cases of injuries to property, where there is a plurality of claimants, to institute such a proceeding. The sense of section 4283 is completed by inference from sections 4284 and 4285. It is to be gathered therefrom that it is the thought of section 4283 that the vessel owner, not only in cases covered by sections 4284 and 4285, but in all cases covered by that section—i. e., where there are injuries to person as well as to property, and where there is a single claimant, as well as where there is a plurality of claimants—may institute a proceeding to limit his liability to the value of the vessel, or to the vessel itself, as he may prefer, and her pending freight, as much so as if the same had been expressed therein; that no provision is made for a proceeding in cases where the injuries are to the person, or where there is but a single claimant, where the injuries are to property and there are several claimants, is not against the vessel owner's right to institute a proceeding in such cases; it being the thought of section 4283 that where a proceeding may be had in such case the character thereof is to be determined by analogy to the proceedings authorized in sections 4284 and 4285 in the cases covered by them.

This is a third instance which I have come across recently of a statute undertaking to provide how a right conferred by a previous general provision shall be exercised, not as broad as such provision, and I deal with the situation in the same way. The other two are to be found in the cases of Ky. Coal Lands Co. v. Mineral Dev. Co. (C. C.)

191 Fed. 899, 908, and L. & R. R. Co. v. Bosworth (D. C.) 209 Fed. 380, 416. I would therefore make out the right of the vessel owner to institute a proceeding to limit his liability in cases of injuries to person, or where there is but a single claimant, and his method of procedure in such cases, not by broadening sections 4284 and 4285, but by filling out section 4283 and applying by analogy to such cases the method of procedure authorized by those two sections. Butler v. B. & S. S. Co., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017; White v. Island Transportation Co., supra. That this statute creating this special jurisdiction contemplates its distribution in accordance with the general principles of jurisprudence is evident from the fact that section 4284 enacts that the proceeding therein provided for may be taken in "any court," and section 4285 that the appointment of the trustee therein provided for shall be by "any court of competent jurisdiction." Though not so expressed, the court referred to in section 4284 is any court of competent jurisdiction, and in both instances the court referred to is any admiralty court of competent jurisdiction. In the case of Norwich R. Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585, Mr. Justice Bradley said:

"The act does not state what court shall be resorted to, nor what proceeding shall be taken, but that the parties, or any of them, may take 'the appropriate proceeding in any court, for the purpose of apportioning the sum for which,' etc. Now, no court is better adapted than a court of admiralty to administer precisely such relief. It happens every day that the proceeds of a vessel, or other fund, is brought into that court to be distributed amongst those whom it may concern. Claimants are called in by monition to present and substantiate their respective claims, and the fund is divided and distributed according to the respective liens and rights of all the parties. Congress might have invested the Circuit Courts of the United States with the jurisdiction of such cases by bill in equity, but it did not. It is also evident that the state courts have not the requisite jurisdiction. Unless, therefore, the District Courts themselves can administer the law, we are reduced to the dilemma of inferring that the Legislature has passed a law which is incapable of execution. This is never to be done if it can be avoided. We have no doubt that the District Courts, as courts of admiralty and maritime jurisdiction, have jurisdiction of the matter; and this court undoubtedly has the power to make all needful rules and regulations for facilitating the course of proceeding."

That this statute so contemplates is settled by the decision in the case of Ex parte Slayton, 105 U. S. 452, 26 L. Ed. 1066. When that case arose the fifty-seventh rule had not been enlarged. As it then stood it provided that the proceeding should be instituted in any District Court of the United States in which the ship or vessel may be libeled, or, if it be not libeled, in the District Court in which its owner may be sued. It made no provision whatever for the case where the ship or vessel may not be libeled, or its owner is not sued. Indeed so far as their express terms were concerned, the four rules originally promulgated were limited to the case where either the ship or vessel may be libeled, or its owner sued. The Supreme Court, at the time of their promulgation, does not seem to have contemplated the institution of such a proceeding in any other contingency. In the Slayton Case the ship or vessel was not libeled, nor the owner sued. It was bound on Lake Michigan from Grand Haven, Mich., to Chicago,

Ill., and was sunk on the trip. Some portions of the wreck were washed ashore in Michigan between Grand Haven and Chicago, and its pending freight amounted to $196. The libel for limitation of liability was filed in the District Court of the Northern District of Illinois, in which Chicago is located. On its filing a trustee was appointed, and transfer made to him of the portions of the wreck and pending freight. The jurisdiction of that court was upheld. Some emphasis was made on the circumstance that the vessel was bound for the port of Chicago. But the real basis of the decision was that the court had acquired control of portions of the wreck, notwithstanding it did not appear that they had been gathered together and brought within the Northern district of Illinois, and of the freight. Mr. Chief Justice Waite said:

"Section 4284 * * * allows the owner to institute * * * proceedings in any court—that is to say, any court of competent jurisdiction—for the purpose of apportioning the sum for which he is liable among the proper parties. Section 4285 provides that it shall be deemed a sufficient compliance on the part of the owner with the requirements of the act if he shall transfer * * * his interest in the vessel and freight to a trustee appointed by the court for the persons who may prove to be legally entitled thereto. Any court, therefore, which gets actual possession of the things to be transferred, and about which the concourse of claimants is to be had, is a court of competent jurisdiction to try the questions that will properly arise upon the apportionment to be made. Even though proceedings should be instituted by the owner before he or his vessel is sued, the courts will either follow our rules as far as practicable, or do something which is equivalent, to obtain jurisdiction of the thing about which the litigation is to be had. No monition can properly issue either under the operation of our rules, or otherwise, until this jurisdiction of the thing has been in some way secured."

Again he said:

"Such being the case, we cannot say the court (upon the showing here made) has not acquired jurisdiction of the thing about which the litigation arises, to-wit, the fund to be apportioned among the parties who may prove to be legally entitled thereto. It has the freight money in its possession, and its trustee is in a condition to gather up the remnants of the vessel, if it has not already been done. The jurisdiction of the court is not dependent at all on the amount, but on the rightful possession of that which is to be divided."

And again he said:

"With the possession and control of the property the court has jurisdiction."

This case settles, therefore, not only that apart from the fifty-seventh rule the special jurisdiction in question is distributed in accordance with the general principles of jurisprudence, but recognizes that according to those principles a District Court which has the custody and control of the ship or vessel or some part of it or of its pending freight has jurisdiction of the libel. For it is a well-recognized principle of such jurisprudence that a court which has the custody and control of property has jurisdiction to determine interests in and claims against it and to dispose of it. And not only this, but that as to property within its territorial jurisdiction it has jurisdiction to acquire custody and control thereof. As to cases of total loss, where it is not possible for an admiralty court to acquire custody and control of any property or fund, which, when no suit has been brought against the owner, are not covered by the rule in

its enlarged form, Mr. Justice Bradley had this to say in the case of P. & N. Y. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038:

"When cases arise in which the vessel and freight have been totally lost, and no District Court has, or can have, possession of any fund to distribute, resort may probably be had with propriety to the District Court of the district in which the owners reside, or where the vessel perished. It will be time enough, however, to consider what is proper in such exceptional cases when they arise."

We reach the conclusion, then, that apart from the fifty-seventh rule this court has jurisdiction of this proceeding. The statute has in view a distribution of the jurisdiction covered by it in accordance with the general principles of jurisprudence and according to those principles it has jurisdiction thereof. The Indiana at the time of its institution was in the district. It was tied up to the bank at libelant's regular landing and harbor therein on account of low water. When in service, save when within the bounds of Jefferson county, it was always therein. It was only a comparatively small period of time, therefore, that it was ever out of it. In addition, the place of the commission of the tort complained of was in the district, and the Indiana, at the time, was proceeding to a port in the district.

How, then, does the matter stand under that rule? It is questionable, to say the least, whether the Supreme Court had power to promulgate a rule denying this court jurisdiction of this proceeding. As we have seen, according to the general principles of jurisprudence, apart from the rule, this court has jurisdiction thereof, and the statute creating the right contemplates a distribution of jurisdiction of proceedings to enforce it in accordance with those principles. The right of the Supreme Court to promulgate any rules on the subject was not given by that statute. In the case of Ex parte Phenix Insurance Co., 118 U. S. 610, 7 Sup. Ct. 25, 30 L. Ed. 274, Mr. Justice Blatchford said:

"The provisions of the Revised Statutes on the subject of the limitation of liability were taken from the act of March 3, 1851 (9 Stat. 635). There is nothing in that act, nor the corresponding enactments in the Revised Statutes, in regard to the promulgation of any rules by this court for procedure in the matter."

They were promulgated under section 6 of the act of 1842 (5 Stat. 518), carried into sections 862 and 917 of the Revised Statutes (Comp. St. 1913, §§ 1470, 1543). By section 862 it is provided that:

"The mode of process in causes of admiralty and maritime jurisdiction shall be according to rules now or hereafter prescribed by the Supreme Court except as herein specially provided."

And by section 917 it is provided that:

"The Supreme Court shall have power to prescribe, from time to time, and in any manner not inconsistent with any law of the United States, the forms of writs and other process, the modes of framing and filing proceedings and pleadings, of taking and obtaining evidence, of obtaining discovery, of proceeding to obtain relief, of drawing up, entering, and enrolling decrees, and of proceeding before trustees appointed by the court, and generally to regulate the whole practice, to be used, in suits in equity or admiralty, by the Circuit and District Courts."

By section 913 (section 1536) it is further provided that:

"The forms of mesne process and the forms and modes of proceeding in suits of equity and of admiralty and maritime jurisdiction in the Circuit and District Courts of the United States shall be according to the principles, rules, and usages which belong to courts of equity and * * * admiralty, respectively, except when it is otherwise provided by statute or by rules of court made in pursuance thereof; but the same shall be subject to alteration and addition by the said courts, respectively, and to regulation by the Supreme Court, by rules prescribed, from time to time, to any Circuit or District Court, not inconsistent with the laws of the United States."

It is difficult to find any authority in either of these provisions conferring on the Supreme Court power by its rules to distribute any admiralty jurisdiction save in the general language at the end of section 917 whereby it is empowered "generally to regulate the whole practice to be used in suits in * * * admiralty by the * * * District Courts." That which it is thereby empowered to do is limited by the requirement that it shall not be "inconsistent with any law of the United States."

In the Phenix Insurance Co. Case jurisdiction of a District Court of a libel by a vessel owner to limit his liability for a nonmaritime tort, which it was held did not exist under the statute, was attempted to be upheld by these rules, but it was held that they were insufficient for that purpose.

The Norwich Case was the first case to arise under this statute. At that time no rules had been promulgated, and it was the occasion of the promulgation of rules 54, 55, 56, and 57 as they were originally (13 Wall. xii, xiii). Concerning the power of the court in the matter Mr. Justice Bradley said:

"This court undoubtedly has the power to make all needful rules and regulations for facilitating the course of proceeding."

Again he said:

"For aiding parties in this behalf, and facilitating proceedings in the District Courts, we have prepared some rules which will be announced at an early day."

In the case of The Scotland, 105 U. S. 24, 26 L. Ed. 1001, he said:

"Without adverting to the fact that these rules were not in existence until long after this litigation had been pending, we may say, once for all, that they were not intended to restrict parties claiming the benefit of the law, but to aid them. Some form of proceeding was necessary to enable shipowners to bring into concourse the various parties claiming damages against them for injuries sustained by mishaps to the ship or cargo, where they were entitled, or conceived themselves entitled, to the law of limited responsibility, and where they were subjected or liable to actions for damages at the suit of the parties thus injured. The rules referred to were adopted for the purpose of formulating a proceeding that would give full protection to the shipowners in such a case. They were not intended to prevent them from availing themselves of any other remedy or process which the law itself might entitle them to adopt."

And in the Slayton Case Mr. Chief Justice Waite said:

"Our rules were not intended to prevent an owner from availing himself of any other remedy or process which the law itself entitled him to adopt, but to aid him in bringing into concourse those having claims against him arising from the acts of the master or crew."

In the case, however, of P. & N. Y. S. Co. v. Hill Mfg. Co., supra, Mr. Justice Bradley, speaking generally, said:

"We are clearly of opinion that the authority thus vested in this court was adequate and sufficient to enable it to make the rules before referred to."

Is it to be said, then, that the Supreme Court has power to promulgate a rule denying to a District Court jurisdiction of a libel to limit liability of which according to the general principles of jurisprudence it has jurisdiction, as, for instance, in a case like that which we have here? The necessities of this case do not call for an answer to the question. It is clear that the fifty-seventh rule should not be construed as denying jurisdiction in such a case unless no other construction can be placed upon it.

[2] This brings us to the fifty-seventh rule, to ascertain how it undertakes to distribute this jurisdiction. As originally promulgated it provided that the libel or petition should be filed and the proceedings had in the District Court "in which said ship or vessel may be libeled, * * * or if the said ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued." As heretofore noted, no provision for a case where the vessel had not been libeled and the owner had not been sued was made. In case the vessel had been libeled, the requirement was that the proceedings should be had in the District Court where this had taken place; i. e., in the same court. Benedict on Admiralty, p. 321, says that the words "may be libeled" in this rule mean "where the vessel has been libeled and she or her proceeds is in custody (for the word 'libeled' in the rule cannot mean merely the filing of a libel without arrest)." Hence it is that in this contingency the proceeding is required to be had, not only in the District Court of the district where the vessel then is, but in the District Court which then has custody of the vessel. In so far the rule does not conflict with the requirements of such principles. But when we come to the other alternative— i. e., where the vessel has not been libeled, but its owner has been sued— it is different. The rule was indifferent as to the court where the suit had been brought. It need not have been a District Court of the United States; i. e., a court of admiralty. It was sufficient if it was a Circuit Court of the United States. Nor need it have been a federal court at all. It was sufficient that it was a state court. Gleason v. Duffy, 116 Fed. 298, 54 C. C. A. 100.

The requirement, however, is that in such contingency the libel shall be filed and the proceeding had in the District Court of any district in which the owner or owners may be sued; not the same court in which the suit has been brought, but in the court of admiralty for the same district. Now, in so far as the rule permitted the proceeding to be brought in such court, it cannot be said to have been in conflict with such principles. By instituting the proceeding in such court, as was held in the Slayton Case, the vessel owner would subject the vessel to its custody and control. But in so far as it may have prohibited the proceeding being brought in the District Court of another district in which the vessel then was, and to whose jurisdiction it was subject according to those principles, and required it to be brought in the dis-

trict where suit has been brought, it was in conflict therewith.   In the case of P. & N. Y. S. Co. v. Hill Mfg. Co., supra, at the time the libel for limitation of liability was filed, suits had been brought in two districts, to wit, that of Massachusetts and the Southern district of New York.   The tort complained of happened in the latter district, and the remains of the vessel were located therein.   The proceeding was instituted in the District Court for that district.   It was instituted May 14, 1872, just shortly after the promulgation of the rules, which was on May 6, 1872.   The jurisdiction of that court was upheld.   It is true that suit had been brought in that district, as well as the district of Massachusetts, but the emphasis in support of the jurisdiction was on the fact that the remains of the vessel were in that district.   Mr. Justice Bradley said:

"In the present case, the proper court undoubtedly was the District Court of the United States for the Southern District of New York, where the remains of the vessel were situated, and where suits were brought against the owners.   Proceedings under the act having been duly instituted in this court, it acquired full jurisdiction of the subject-matter; and having taken such jurisdiction, and procured control of the vessel and freight or their value, constituting the fund to be distributed, and issued its monition to all parties to appear and present their claims, it became the duty of all courts before which any of such claims were prosecuted, upon being properly certified of the proceedings, to suspend further action upon said claims."

Though the Supreme Court's attention was called to the fact that the fifty-seventh rule did not cover the case where neither the vessel had been libeled nor the owner sued as early as the Slayton Case, it took no step to enlarge the rule until the case of Butler v. B. & S. S. Co., supra, came before it.   When the decision in that case was handed down it at the same time promulgated the rule in its enlarged form and as it now is.   It seems to have taken note at that time, not only that such a contingency was not covered by the rule, but also that in its then form, if effective, it prevented the institution of a proceeding in the District Court of the district where the vessel then was, if suit had been brought against the owner in another district, and hence in so far ran counter to the principles referred to.   For the enlargement met both of these defects in the rule.   The addition to the rule covering both these matters is in these words:

"When the said ship or vessel has not been libeled,  * * *  and suit has not been commenced against the said owner or owners, or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be and where it may be subject to the control of such court for the purposes of the case as hereinbefore provided."

As thus enlarged there would seem to be hardly any room to claim that the rule in any contingency negatived the jurisdiction of such proceeding on the part of the admiralty court of the district in which the vessel then was.   If the vessel has been libeled the proceeding is to be had in the same court.   If it has not been libeled, but the owner has been sued in the same district in which the vessel then is, then it is to be had in the admiralty court of that district.   If the vessel has not been libeled, and the owner has been sued in another district than the one in which the vessel then is, the proceeding is to be had in the admiralty court

of the district in which the vessel then is. The rule in its distribution of the jurisdiction of such proceeding was thus brought into entire harmony with the general principles of jurisprudence.

But in the case of the Enterprise (D. C.) 196 Fed. 404, a position was taken to the contrary of this. There there had been a collision between a steamboat and a gasoline launch in the Mississippi river near Memphis, Tenn., in the Western district of Tennessee. Of the occupants of the launch—four in number—three were drowned and one saved. The personal representatives of two of the three decedents brought suits in personam in the District Court of the Western District of Tennessee against the owner of the steamboat to recover damages for the wrongful death of their decedents. They had recovered judgments, to which writs of error had been taken to the United States Circuit Court of Appeals, Sixth Circuit, and which were then pending. The personal representative of the third decedent brought an action at law in the proper state court against the owner, which was then pending undetermined. The steamboat's home port was at Pittsburgh, Pa. In this state of things, and when the steamboat was at that port, the owner thereof instituted a proceeding for limitation of liability in the District Court of the Western District of Pennsylvania, within which Pittsburgh is located. It was held that that court was without jurisdiction, and that the proceeding should have been instituted in the District Court of the Western District of Tennessee in which the owner had been sued. This seems to me to be in the face of the rule, as well as such principles. In order that some force could be given to so much of the rule as provided that, when the owner was sued in another district than that in which the vessel then was, the proceeding might be instituted in the District Court of the district in which the vessel then was, it was held that it had application where different suits were brought in different districts, or where the suit in the other district had been brought in the state court. I am unable to see anything in the rule to justify such distinctions. The court seems to have been influenced by two considerations. One was that, if jurisdiction was upheld, that court would be brought in conflict with the District Court of the Western District of Tennessee. But not so. If its judgments were affirmed, they would have been res adjudicata of the questions involved in those suits, in the limitation proceedings, as was held in the case of In re Sanford Ross, 204 Fed. 248, 122 C. C. A. 516. The other was the inconvenience to the parties and witnesses of having to go to Pittsburgh from Memphis. But they did not have to go there, and the inconvenience to parties and witnesses is never a consideration in determining a question of jurisdiction. Jurisdiction of the person depends upon service of process within the territorial jurisdiction of the court and of a person's property upon its location therein.

Thus far I have considered the question of jurisdiction of this libel, without taking note of how claimant's attempt to make out that by the fifty-seventh rule this court is without such jurisdiction, and it is in the District Court of the Western District. It remains to take note thereof. In order to present claimants' position clearly, the rule

should be considered somewhat in detail. It consists of two parts— the old and the new. The old, in terms, is imperative. It provides that "the petition or libel shall be filed and the said proceedings had." The new, in terms, is permissive. It provides that "the said proceedings may be had." The old requires the libel to be filed and proceedings to be had in either one of two District Courts, to wit, that in which the ship or vessel "may be libeled," or, if it "be not libeled," then that of the district in which the owner "may be sued." The new permits the proceeding to be had in but one District Court, to wit, that "of the district in which the said ship or vessel may be and where it may be subject" to its control; i. e., the district where the ship or vessel may be at the time the libel is filed. And it so permits in either of two contingencies, to wit, "when the said ship or vessel has not been libeled * * * and suit has not been commenced against the said owner or owners," or when suit "has been commenced in a district other than that in which the said ship or vessel may be." We have to do with so much of the rule only as covers the case where suit has been commenced against the owner and the vessel has not been libeled. The old part of the rule requires that in such a case the libel shall be filed and the proceedings had in the District Court of the district where the suit is pending, but the new part permits in such a case the proceedings to be had in the District Court of the district where at the time of the filing of the libel the ship or vessel may be, if the suit "has been commenced in a district other than that in which the said ship or vessel may be." In order in such a case for the proceeding to be had in the District Court of the district where at that time the ship or vessel may be, it must come within this contingency. If it does not, then it is not permitted to be filed in such District Court, but is required to be had in that of the district where the owner has been sued.

Now the position of the claimants is that this case does not come within that contingency, and hence the libel should have been filed in the District Court of the Western District, in which the libelant has been sued. The way in which they make this out is this: The meaning of the rule as to this contingency is that, if suit has been commenced in a district other than that in which the ship or vessel was at the commencement of the suit, and not at the time of the filing of the libel, and, as the Indiana was at Louisville, in the Western district, at the time the first five of the suits to be brought were commenced, those suits had not been so commenced, but had been commenced in the same district in which the Indiana at that time was. The position is somewhat involved, and I have been at some pains to make it clear. Two arguments are advanced in support of it. One is that the two "may be's" in the old part of the rule mean "may have been." It is claimed that this was so decided in the case of In re Luckenbach (D. C.) 26 Fed. 870. It is assumed that the question involved in that case was whether those words meant "may have been libeled" and "may have been sued," or "could possibly be libeled" and "could possibly be sued." But there was no such question in that case. There a vessel had been libeled in the District Court of the Eastern District of New York. The libel was pending on appeal at the time the libel for limitation of liability was

filed. It was filed in the District Court of the Southern District of New York. It was held that it should have been filed in the District Court of the Eastern District of New York, where the vessel had been libeled, though the libel was not then pending therein. The court said:

"The words 'may be libeled,' in the previous clause, must be construed as including cases in which the vessels may have been libeled."

The case, therefore, does not hold that the words "may be" in the old part of the rule do not have a present significance. It merely holds that such signification does not exclude a proceeding which has been concluded in the District Court and is pending in the appellate court. But this "may be" came into the rule with the three other "may be's" which follow it. And it is more reasonable to hold that it takes color from them, and not from the two contained in the old part of the rule. They do not have reference to the time of the commencement of the suit.

The other argument in support of this position is that, otherwise, practically no case is left where the district in which suit has been brought is determinative of jurisdiction, and so far the rule is ineffective. It is thus put:

"If where the vessel 'may be' referred to the time when this proceeding was filed, then why the rule with reference to suits being filed at all. The owner at all times could move the vessel into any other district into which the waters on which it was extended. It might have been moved to Pittsburgh or New Orleans and filed the petition there. The owner is the only one who can file the proceeding. The court did not mean to allow only the owner to select the jurisdiction. If suits were brought in the district where the presence of the vessel was, then the vessel could not be removed to another district and these proceedings taken there."

But the rule, in so far as it relates to suit against the owner having to do with jurisdiction of the proceeding, practically nugatory if claimants' position is not sound. It can have application to a case where the ship or vessel is entirely lost and there is no pending freight. Where this is not the case, it must be conceded that in so far the rule is practically nugatory on any other basis than the soundness of claimants' position. And this is as it should be. There should be no rule denying jurisdiction to the District Court of the district where the ship or vessel is at the time the libel is filed. For it to so do is to run counter to the general principles of jurisprudence, which the statute contemplates should govern in the matter of the distribution of the jurisdiction created by it. And no doubt so much of the addition to the rule as is involved here was made to prevent this, the particular shape which the matter was given being due to the fact, in all probability, that this result was brought about by an addition to the rule, and not by rewriting it.

A conclusive answer to the position of claimants is that there is no conceivable reason why the presence or nonpresence of the vessel in the district at the time suit is commenced against the owner should be determinative of the question whether the District Court of the district where the ship or vessel may be at the time the libel is filed has jurisdiction of the proceeding. The case of The John K. Gilkinson (D. C.)

150 Fed. 454, is against this position and supports the jurisdiction of this court of this proceeding. The proceeding there was instituted in the District Court of the Southern District of New York, where the vessel then was. Prior to the institution, suit had been brought against the owner in the Circuit Court of the District of New Jersey, and that suit was then pending. It was held that the court in which the proceeding was instituted had jurisdiction. It is true that it does not appear whether the vessel was in the district of New Jersey at the time the suit had been commenced. That matter was not inquired into. It was evidently regarded as a matter not affecting the question of jurisdiction.

The motion to dismiss is overruled.