**In re BUTCHER et al.**

No. 688.

District Court, S. D. Texas,
Houston Division.

Oct. 25, 1943.

Royston & Rayzor and M. L. Cook, all of Houston, Tex., for petitioners.

Baker, Botts, Andrews & Wharton and Fred V. Hughes, all of Houston, Tex., and Cobb & Sanders and Lloyd J. Cobb, all of New Orleans, La., for respondents.

KENNERLY and HANNAY, District Judges.

This is a proceeding in admiralty, i.e., a petition by libellants for exoneration from or limitation of liability, filed here by libellants July 10, 1943, under Sections 181 to 189, 46 U.S.C.A.

The pleadings of libellants show that on May 18, 1943, there occurred on the Barges Sun and Star, owned by libellants, a series of explosions which practically destroyed the Barge Star and seriously damaged the Barge Sun. At that time, both Barges were in the possession of Pan American Refining Corporation and/or the Pan American Petroleum Corporation under a contract with libellants, and were afloat on navigable waters of the United States at the docks of the Pan American Petroleum Corporation at Destrehan, Louisiana, in the Eastern Judicial District of Louisiana. A portion of the docks of the Pan American Petroleum Corporation was damaged; three of its employees were killed and five injured, and there were perhaps other injuries and damages caused by the explosions.

When this proceeding was instituted, a Commissioner was appointed, and various claims have been filed.

The Pan American Refining Corporation and Pan American Petroleum Corporation now move to dismiss this proceeding, claiming that this court is without jurisdiction, and that jurisdiction only lies in the court (Admiralty) for the Eastern District of Louisiana.

1. Admiralty Rule 54, 28 U.S.C.A. following section 723, is controlling, and its construction is necessary to decision. It is as follows (italics ours):

"Courts Having Cognizance of Limited Liability Procedure

"The said libel or petition shall be filed and the said proceedings had in any District Court of the United States in which said ship or vessel may be libeled to answer for any such embezzlement, loss, destruction, damage or injury; *or, if the said ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued in that behalf;* when the said ship or vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner or owners, *or has been commenced in a district other than*

*that in which the said ship or vessel may be,* the said proceedings may be had in the District Court of the district in which the said ship or vessel may be, and where it may be subject to the control of such court for the purposes of the case as hereinbefore provided. If the ship shall have already been libeled or sold, the proceeds shall represent the same for the purposes of these rules."

It will be observed that this Rule is made up of three parts,—first, second and third. Neither barge has been libeled, hence the first part of the Rule fixing jurisdiction in the court (Admiralty) of the District in which the "ship or vessel may be libeled" is not applicable.

But the second part of the Rule is applicable, in that libellants, prior to the institution of these proceedings, were sued by the Pan American Petroleum Corporation for damages to its docks alleged to have been caused by such explosion, in a State Court of Louisiana situated in the Eastern Judicial District of Louisiana. Such State Court suit has been removed by libellants into the District Court of the United States for the Eastern District of Louisiana, where it is still pending as a Civil Action. At the time of the institution of such State Court suit, both barges were in the Eastern Judicial District of Louisiana, the Sun being afloat, and the Star being sunk. The Star is still sunk at the scene of the explosions, but since the filing of the State Court suit, the Sun has been removed into this District by libel-

lants, and was in this District at the time of the institution of this proceeding. It is clear that under the second part of such Rule, jurisdiction of this proceeding lies in the court (Admiralty) of the Eastern District of Louisiana.

And this is true notwithstanding the third part of the Rule, which apparently makes an exception where a suit such as is the State Court suit "has been commenced in a district other than that in which the said ship or vessel may be." The Enterprise, D. C., 196 F. 404, 405. When the State Court suit was commenced, the barges were both in the Eastern Judicial District of Louisiana, and the Star is still there. Libellants may not defeat the plain provisions of the Rule and confer jurisdiction on the court (Admiralty) of this District by bringing the Sun into this District and instituting this proceeding. Certainly they may not do so with the State Court suit still pending in the United States Court for the Eastern District of Louisiana, into which it was removed by libellants.

Libellants strongly rely upon the case of In re Louisville & Cincinnati Packet Co., D.C., 223 F. 185, 186, but we cannot see our way clear to follow that case. Besides, it appears from the motion under consideration[1] that the barges were attached in the State Court suit and that libellants posted a bond to secure their release, thereafter, as stated, removing the Sun into this District, and filing this proceeding.

The motion to dismiss will be granted. Let suitable order be drawn and presented.

---

[1] I quote from the motion as follows: "The suit instituted by said Pan American Petroleum Corporation against petitioners in the said 24th Judicial District Court was an attachment proceeding and in said proceeding the said barges 'Sun' and 'Star' were attached and petitioners appeared in said proceedings and posted a bond to secure the release of said barges 'Sun' and 'Star' under provisions of Rule No. [art.] 259 of the Code of Practice of the State of Louisiana; that the condition of said bond as held by the Supreme Court of the State of Louisiana in the case of Williams v. Gilkerson-Sloss Commission Company, 45 La.Ann. 1013, 13 So. 394, is that the defendant should appear by attorney or in person, thereby rendering himself liable to a judgment, and that he should furnish security judicium solvi; and that the barge 'Star' as set out in petitioner's libel and petition was at the time of the filing of said petition within the jurisdiction of the United States District Court for the Eastern District of Louisiana"; etc.