## EX PARTE SLAYTON.

The owner of a vessel may, before he or it is sued, institute appropriate proceedings in a court of competent jurisdiction, to obtain the benefit of the limitation of liability provided for by sects. 4284 and 4285 of the Revised Statutes.

PETITION for a writ of prohibition.
The facts are stated in the opinion of the court.

*Mr. Alfred Russell* for the petitioner.
*Mr. J. H. McGowan, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We are of opinion that, notwithstanding Admiralty Rules Nos. 54, 55, 56, and 57 of this court, the owner of a vessel may institute appropriate proceedings, in a court of competent juris-

diction, to obtain the benefit of the limitation of liability provided for by sects. 4284 and 4285 of the Revised Statutes, without waiting for a suit to be begun against him or his vessel for the loss out of which the liability arises. As was said at this term in *The Scotland* (*supra*, p. 24), our rules were not intended to prevent an owner from availing himself of any other remedy or process which the law itself entitled him to adopt, but to aid him in bringing into concourse those having claims against him arising from the acts of the master or crew.

Section 4284 expressly allows the owner to institute appropriate proceedings in any court, that is to say, any court of competent jurisdiction, for the purpose of apportioning among the proper parties the sum for which he is liable. Sect. 4285 provides, that it shall be deemed a sufficient compliance on his part with the requirements of the act if he shall transfer all his interest in the vessel and freight to a trustee, appointed by the court for the persons who may prove to be legally entitled thereto. Any court, therefore, which gets actual possession of the things to be transferred, and about which the concourse of claimants is to be had, is a court of competent jurisdiction to try the questions that will properly arise upon the apportionment to be made. Even though he should institute proceedings before he or his vessel is sued, the courts will either follow our rules as far as practicable, or do something which is equivalent, to obtain jurisdiction of the thing about which the litigation is to be had. No monition can properly issue either under the operation of our rules, or otherwise, until this jurisdiction of the thing has been in some way secured.

On looking into the return of the district judge in this case we find that the proceedings were instituted by the owner of the steamer " Alpena " in the district where the port is situated, to which the steamer was bound, at the time the loss occurred, on one of her regular trips between Grand Haven, Mich., and Chicago, Ill. ; that the steamer lies sunk in Lake Michigan ; that some portions of the wreck were washed ashore in Michigan between Grand Haven and Chicago ; that on filing the petition an order was entered by the court appointing a trustee, such as was provided for in the statute, and requiring the owner to transfer to him all its right, title, and interest to

whatever remained of the steamer, her tackle, apparel, and furniture, and the pending freight; that such a transfer was made, and freight, admitted to be pending, amounting to $196, actually paid over, and that when this was done the monition issued. It is true the return does not expressly show that the remnants of the wreck, scattered on the shores of the lake, have actually been gathered together and brought within the northern district of Illinois; but it is stated that the transfer has been made and the freight-money paid over. This is not denied. Such being the case, we cannot say the court (upon the showing here made) has not acquired jurisdiction of the thing about which the litigation arises, to wit, the fund to be apportioned among the parties who may prove to be legally entitled thereto. It has the freight-money in its possession, and its trustee is in a condition to gather up the remnants of the vessel if it has not already been done. The jurisdiction of the court is not dependent at all on the amount, but on the rightful possession of that which is to be divided.

We cannot, on an application for a writ of prohibition, determine what shall be the effect of any judgment of the District Court while exercising its rightful jurisdiction, neither are we to determine in this form of proceeding what persons, or what classes of persons, are entitled to the fund in hand. All these are questions to be settled in some other way than by prohibiting the court from proceeding under the jurisdiction it has acquired by getting possession, in an appropriate manner, of that which, according to the claim of the owner, represents the extent of his liability, or that of his vessel. Whether it does so or not is to be settled between the parties when the case is tried. With the possession and control of the property the court has jurisdiction.

*Petition denied.*