## THE ENTERPRISE.

(District Court, W. D. Pennsylvania. February 14, 1912.)

No. 4.

1. SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—JURISDICTION.

Admiralty rule 57 (29 Sup. Ct. xlvi) provides that in proceedings by a shipowner to obtain limitation of liability under Rev. St. § 4283 (U. S. Comp. St. 1901, p. 2943), "the said libel or petition shall be filed and the said proceedings had in any District Court of the United States in which said ship or vessel may be libeled to answer for any such embezzlement, loss, destruction, damage or injury; or if said ship or vessel shall not be libeled then in the District Court for any district in which the said owner or owners may be sued in that behalf. When the said ship or vessel has not been libeled, * * * and suit has not been commenced against the said owner or owners or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be. * * *" Held, that the second part of the rule, which was added by amendment in 1888, was intended to apply only to cases not covered by the original rule, and that where a libel has been filed against the vessel, or a suit brought against the owner in a district court, whether or not the vessel is within such district, the owner must bring his proceedings in that court; but, if different suits are brought in different districts, he has his election to go into any such district or into the district where the vessel is; or, if suit is brought in a state court, he may bring his proceedings in the district where the vessel is.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–662; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

2 COURTS (§ 522*)—FEDERAL COURTS—PRIORITY OF JURISDICTION.

Where suits for damages have been brought against the owner of a vessel in a District Court of the United States, the respondent has submitted to the jurisdiction of the court, and the suits have been heard and determined, and appeals from decrees have been taken by the respondent, a District Court of another district is without jurisdiction to entertain a proceeding by such respondent to limit his liability as against the claims so in suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1444; Dec. Dig. § 522.*]

In Admiralty. In the matter of the petition of the Monongahela River Consolidated Coal & Coke Company, owner of the steam towboat Enterprise, and the Huntington & St. Louis Towboat Company, charterer of said boat, for limitation of liability. Petition dismissed for want of jurisdiction.

McIlvain & Murphy, for petitioners.

William R. Harrison, for respondents.

YOUNG, District Judge. The Monongahela River Consolidated Coal & Coke Company, as the owner, and the Huntington & St. Louis

Towboat Company, as the charterer, of the steamboat Enterprise, have presented their petition to this court for the limitation of their liability arising out of a collision between that steamboat and a gasoline launch, which collision happened in the Mississippi river within two miles of the city of Memphis in the state of Tennessee, and whereby three persons, Albert Schinnerer, P. C. Dietrick, and Harry Hurst, all citizens of the city of Memphis, were drowned, and one Charles Auferoth, another occupant of said launch, was thrown into the river, but was rescued by the crew of the steamboat. The petition further represents that the accident happened and the loss and injury resulting were occasioned without the fault, privity, or knowledge of the petitioners, and without the fault of the officers or crew of the steamer, or of any of the officers, agents, or servants of the petitioners.

The fourth paragraph of the petition is as follows:

"That libels in personam were filed by Bessie Schinnerer and Emma Hurst, widows respectively of two of the above-named deceased persons, on behalf of themselves and their minor children, in the District Court of the United States for the Western Division of the Western District of Tennessee, which cases have been so far proceeded in that at No. 1,148 in admiralty, in said court, said Bessie Schinnerer was awarded damages in the sum of $10,000, and at No. 1,149 in admiralty, in said court, a like judgment was obtained by said Emma Hurst, in the sum of $10,000, against your petitioners. That an appeal was taken from said judgments, and is now pending in the United States Circuit Court of Appeals, Sixth Circuit. That the administrator of P. C. Dietrick has entered a suit at law, in the county courts at Memphis, Tenn., claiming damages in a large amount, and another suit may be brought against your petitioners by the said Charles Auferoth. And your petitioners now desire to contest their liability for the loss, destruction, damage, and injury occasioned by said accident; and they also claim the benefits of the limitation of liability provided in the third and fourth sections of the act of Congress entitled, 'An act to limit the liability of shipowners and for other purposes,' passed March 3, 1851, and now embodied in sections 4283 and 4285, Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 2943, 2944), and the various substitutes and additions thereto, amendatory thereof; and, to that end, your petitioners desire an appraisement to be had of the amount or value of their interests in said steamboat in the condition in which she was immediately after said accident, and damage, on the 30th day of January, 1910, and for that purpose your petitioners ask that said steamboat be examined and appraised, and her value ascertained, by a commissioner of this court or by such other means as this court shall direct. And thereupon your petitioners are ready and willing and offer to give a stipulation, with sufficient sureties according to law, conditioned for the payment of the appraised value of said steamboat, when ascertained as aforesaid, to such person or persons and in such manner as this honorable court may direct."

The petition further presents that said steamboat has not been libeled or arrested in any court to answer for the said loss, destruction, or injuries, and that said steamboat Enterprise is now at her home port, the Port of Pittsburgh, in the state of Pennsylvania.

The petition prays the court to cause an appraisement to be made of the Enterprise in the condition in which she was on the 30th day of January, 1910, immediately after the accident, and of her freight then pending, and to make an order permitting your petitioners to give a stipulation for the payment of the amount of the appraisement; to

issue a monition against all persons claiming damages for loss occasioned by the accident, citing them to appear and make proof; to designate commissioners before whom such claims may be presented; to make an order restraining all persons from prosecuting suits against the petitioners or against the Enterprise, except before such commissioner; to make a decree limiting the liability of the petitioners to the value of the steamboat immediately after said accident and its freight, and for the division pro rata, after the payment of costs, of the amount of the stipulation among the respective claimants, and in the meantime for an order restraining prosecution of any suits against the petitioners or said steamboat in respect of any such claims, except proceedings to obtain final adjudication by the United 'States Circuit Court of Appeals for the Sixth Circuit upon the appeals hereinbefore referred to; and for an order restraining and directing said Bessie Schinnerer and Emma Hurst, in the event that their judgments shall be affirmed by the Circuit Court of Appeals, from issuing executions on said judgments, and requiring them to present said judgments to the commissioner appointed by this court to participate in the fund which shall be ascertained as representing the value of the steamer Enterprise, and to pursue their remedies as in like cases of limited liability proceedings and for general relief.

Upon the presentation of this petition to the court, the court, having doubt as to its jurisdiction in the matter, refused to allow the same to be filed, but required the counsel for the petitioners to notify counsel for the libelants in the two suits brought in the District Court of the United States for the Western District of Tennessee, and counsel for the plaintiff in the suit brought in the county court of the city of Memphis, of the time and place for the argument upon the question as to whether or not said petition should be filed and the court take jurisdiction of the proceedings. Thereupon, notice having been given as required by the court, the court heard the arguments of counsel for the petitioners and of counsel for those claiming damages by reason of the collision, both orally and by written briefs, and, the whole case having been submitted to the court, the court is now required to determine the question of the jurisdiction of this court in the premises.

[1] Counsel for petitioners claim that this court has jurisdiction in the case by virtue of rule 57 in admiralty (29 Sup. Ct. xlvi). That we may have the question clearly before us, that rule is as follows:

"The said libel or petition shall be filed and the said proceedings had in any district court of the United States in which said ship or vessel may be libeled to answer for any such embezzlement, loss, destruction, damage or injury; or, if the said ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued in that behalf. When the said ship or vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner or owners, *or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be,* and where it may be subject to the control of such court for the purposes of the case as hereinbefore provided. If the ship have already been libeled and sold, the proceeds shall represent the same for. the purposes of these rules."

Before considering this rule, it is both necessary and interesting to consider the rule in its separate parts because the first part of the rule, to wit:

"The said libel or petition shall be filed and the said proceedings had in any District Court of the United States in which said ship or vessel may be libeled to answer for any such embezzlement, loss, destruction, damage or injury; or, if the said ship or vessel be not libeled, then in the District Court for any district in which the said owner or owners may be sued in that behalf"

—was ordered by the Supreme Court at September term, 1871, and is found in 13 Wall. xiii, and is noted in the case of Norwich Co. v. Wright, 13 Wall. 104, 125, 20 L. Ed. 585. This rule, as above noted, stood until it was amended by the Supreme Court at the October term, 1888, by adding the words:

"When the said ship or vessel has not been libeled to answer the matters aforesaid, and suit has not been commenced against the said owner or owners, *or has been commenced in a district other than that in which the said ship or vessel may be,* the said proceedings may be had in the District Court of the district in which the said ship or vessel may be, and where it may be subject to the control of such court for the purposes of the case as hereinbefore provided. If the ship have already been libeled and sold, the proceeds shall represent the same for the purposes of these rules."

And as thus amended is to be found in 130 U. S. 705, 29 Sup. Ct. xlvi.

In Norwich Co. v. Wright, supra, Mr. Justice Bradley, in delivering the opinion of the court, 13 Wall. page 123, 20 L. Ed. 585, points out the necessity for a certain form of procedure, and, after discussing whether or not the Circuit Courts of the United States had jurisdiction, he concludes:

"We have no doubt that the District Courts, as courts of admiralty and maritime jurisdiction, have jurisdiction of the matter; and this court undoubtedly has the power to make all needful rules and regulations for facilitating the course of proceeding."

The learned justice then (page 125 of 13 Wall. [20 L. Ed. 585]) lays down the proper course of proceeding for obtaining the benefit of the act of Congress, and concludes:

"For aiding parties in this behalf, and facilitating proceedings in the District Courts, we have prepared some rules which will be announced at an early day."

Under that rule there is no doubt that the owner was required to go into the District Court of the United States where the vessel had been libeled to answer for the injury; or, if not libeled, then in the District Court for the district where the owner or owners might be sued in that behalf. But under the rule as amended, we are confronted with a serious question of interpretation.

As to the first part of the amendment, if the ship has not been libeled to answer for the injury, and suit has not been commenced against the owner or owners, it is clear that any District Court of the district where the ship may be would have jurisdiction; so that, reading the entire rule, if the vessel was libeled or suit brought against the owners, the petition for limited liability would be filed in the dis-

trict where such libel was filed or suit brought, but if no libel was filed or suit commenced, then the petition by the owner may be in any district where the vessel may be. If the words, "or has been commenced in any district other than that in which the said ship or vessel may be," are to be removed from the context and are to have their full force, then the rule means that the petition for limited liability may always be filed in any district court where the vessel may be, unless such vessel is within the district where the libel is filed or the suit brought. This is an apparent contradiction of the original rule, which has no such qualifying words.

We have not found, nor has counsel furnished us with, any decision by any federal court directly covering this part of the rule we are now considering. We are therefore required to interpret the rule, and in so doing are to be guided by such an interpretation as will allow the whole rule to stand as written.

Fortunately, we are not without the assistance of the most learned judges in the consideration of this matter. The necessity for the rule as an aid to the practical administration of justice in admiralty is, as we have said, very clearly considered by Mr. Justice Bradley in the case of Norwich v. Wright, supra, where it is determined that the proper court is the District Court of the United States sitting in admiralty, and, of those courts, that the court having jurisdiction by libel filed or suit brought is the appropriate court. In The Scotland, 105 U. S. 24, 34 (26 L. Ed. 1001), the same learned justice said:

"As to the form of proceeding necessary to give the respondents the benefit of section 4254 (4284 [U. S. Comp. St. 1901, p. 2943]), which declares that either party 'may take the appropriate proceedings in any court, for the purpose of apportioning the sum for which the owner of the vessel may be liable,' what more 'appropriate proceeding' could be taken for this purpose, where all the parties are before a court of admiralty, and where the shipowners plead their exemption under the statutes, than to give a decree against them for the amount of their liability, and to distribute the sum amongst the parties entitled to it? It seems to us that no additional rules are necessary to attain the object of the law in the case. It is plain enough to execute itself. If there are parties, not represented in the suit, who have claims for damages, it is the respondent's fault for not bringing them in, as they might have done after the rules of 1871 were adopted by pursuing the remedy pointed out in those rules. But as to the actual libelants and interveners in the suit, there is no reason in the world why the respondents should not be decreed to pay the value of the ship's strippings and remnants into court, nor why such amount should not be distributed amongst the claimants."

Again, the same learned justice in the case of Providence, etc., Co. v. Hill Mfg. Co., 109 U. S. 578, 598, 3 Sup. Ct. 379, 392 (27 L. Ed. 1038), said:

"In view of these considerations, and having no doubt of the jurisdiction of the District Courts over the matter, as courts of admiralty, in the rules adopted in December term, 1871, the District Court of the district in which the vessel is libeled or found, or in which the owners are sued, was designated as the proper court in which to institute the proceedings for obtaining a decree of limited liability. *When cases arise* in which the vessel and freight have been totally lost, and no District Court has, or can have, possession of any fund to distribute, resort may probably be had with propriety to the District Court of the district in which the owners reside, or where the vessel perished. It will be time enough, however, to consider what is

proper in such exceptional cases when they arise. In Ex parte Slayton, 105 U. S. 451 [26 L. Ed. 1066], we held that jurisdiction accrued to the District Court of the district comprising the port to which the vessel was bound, although she had been sunk in the lake and only a few fragments were washed ashore, the proceeds of which, however, amounting to a trifling sum, were deposited in court. On this branch of the subject, the following remarks were made in the opinion pronounced in the case of Norwich Transportation Co. v. Wright, already cited."

Here follows the citation at 13 Wall. 123, 20 L. Ed. 585, which we have already quoted, and which terminated in the rules promulgated in that volume. The learned judge then goes on to say:

"We see no reason to modify these views, and, in our judgment, the proper District Court, designated by the rules, or otherwise indicated by circumstances, has full jurisdiction and plenary power, as a court of admiralty, to entertain and carry on all proper proceedings for the due execution of the law, in all its parts; and its decree, in cases subject to its jurisdiction, are valid and binding in all courts and places. In the present case, the proper court undoubtedly was the District Court of the United States for the Southern District of New York where the remains of the vessel were situated, and where suits were brought against the owners. Proceedings under the act having been duly instituted in this court, it acquired full jurisdiction of the subject-matter; and having taken such jurisdiction, and procured control of the vessel and freight (or their value), constituting the fund to be distributed, and issued its monition to all parties to appear and present their claims, it became the duty of all courts before which any of such claims were prosecuted, upon being properly certified of the proceedings, to suspend further action upon said claims."

Such is the history of the first part of this rule 57 in admiralty and of the interpretation put upon it by the learned justice who had first promulgated the rule and who had it before him in the cases cited. We see very clearly from these opinions the necessity for the making of such a rule, and we must now consider and try to determine, if we can, the history and meaning of the amendment to the rule.

It is very evident from a reading of the original rule that it left certain cases open and without a rule to guide in the procedure. If no libel or suit had been brought, there was no way pointed out to proceed, although the act of Congress certainly gave the owners a right to commence appropriate proceedings in a proper court, and therefore the amendment to the rules was necessary in order to provide for such cases, and the first part of the amendment provides for these cases. Why, then, were the words, "or has been commenced in a district other than that in which the said ship or vessel may be, the said proceedings may be had in the District Court of the district in which the said ship or vessel may be" made part of the amendment? Were those words not intended to cover the case put by Mr. Justice Bradley in the case we have last cited (Providence, etc., Co. v. Hill Mfg. Co., 109 U. S. 598, 3 Sup. Ct. 392, 27 L. Ed. 1038):

"When cases arise in which the vessels and freight have been totally lost and no District Court has, or can have, possession of any fund to distribute, resort may probably be had with propriety to the District Court of the district in which the owners reside or where the vessel perished"?

Or may they not have been intended to cover those cases where libels had been filed or suits brought in different districts, or in state

courts which could not entertain the owners' petition under the statute?

We find that the amendment to the rule was passed at the October term, 1888, of the Supreme Court of the United States, and we find that in that same volume of reports an important case in admiralty, that of Butler v. Boston Steamship Co., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017, was considered by the court, especially in the application of the limited liability of owners, and from the record of which it appears that, at the time the petition for limited liability was filed, two suits were pending in the superior court for the county of Suffolk, and that subsequently a third suit was commenced in the District Court of the United States for the District of Massachusetts by claimants against the vessel, so that at the time of the filing of the opinion by the Supreme Court of the United States three causes were pending in different jurisdictions, and it may be that the discussion of that case gave rise to the questions we have suggested. In the case of Ex parte Slayton, 105 U. S. 451, 26 L. Ed. 1066, the court said:

"As was said at this term in The Scotland, supra (105 U. S. 24 [26 L. Ed. 1001]), our rules were not intended to prevent an owner from availing himself of any other remedy or process which the law itself entitled him to adopt, but to aid him in bringing into concourse those having claims against him arising from the acts of the master or crew."

We gather, then, from all these opinions of the Supreme Court pertaining to the making and the interpreting of these rules, that they are not iron-clad rules that may not be "honored in the breach," but that they are made as practical rules for the guidance of the court in the determination of questions in admiralty that may come before it and to assist the court in the due and orderly administration of justice. We are of opinion, therefore, that an interpretation of this rule requires the owner to commence his proceeding for limited liability where the libel has been filed or suit brought against the owners, and that, if no libel has been filed or suit brought, then he may present his petition to the District Court of the United States where the vessel is. If suit has been brought in a District Court of the United States other than where the vessel is, then he must resort to that district; but, if different suits are brought in different districts, then he has his election either to go into any district where a libel has been filed or suit brought, or he may go into the district where the vessel then is. Likewise, if suit is brought in a state court, he has the right to bring his petition before a district court of the United States where the vessel is. Under this interpretation, therefore, the owners must resort to the District Court of the United States for the Western Division of the Western District of Tennessee, where the libels have already been filed.

[2] Apart from this interpretation of the rule, we think that this court ought not to take jurisdiction of this petition. It is a well-known principle of law that the court which first acquires jurisdiction of the parties and the subject-matter of a controversy shall retain it without interference by another court having concurrent jurisdiction. This is such a familiar principle that authorities are unnecessary. If

they were, we have them cited in Rose's Code of Federal Practice, §
16, p. 132.

In the case at bar the District Court for the Western District of
Tennessee has taken jurisdiction by libels filed in the two cases and
has so far proceeded in these cases that damages have been awarded
in the sum of $10,000 to each of the libelants, and these cases have
been removed by the respondents by proper proceedings to the Cir-
cuit Court of Appeals for the Sixth Circuit, who have bound them-
selves in the sum of $15,000 in each case. In the course of the pro-
ceedings in the District Court, the present petitioners, by exceptions
to the libels, raised the question of limited liability, and it was con-
sidered by the court; the court being of opinion that the question
could not be raised by exception, but must be commenced by a proper
proceeding. The petitioners thereby invoked the aid of the court and
submitted themselves to its jurisdiction. They evidently believe that
the question may be raised by exception, for they have made the ac-
tion of the court in disallowing that exception one of the reasons for
their appeal to the Circuit Court of Appeals for the Sixth Circuit,
assigning it as error in the first assignment of error, so that these
petitioners are still insisting on the jurisdiction of the district court
of Tennessee as to the limited liability. Section 4282 and the follow-
ing sections provide for limited liability, but do not suggest the pro-
cedure. Therefore any appropriate proceeding may be followed.
The rules of the Supreme Court in admiralty speak of a libel or peti-
tion to limit the liability, but that does not exclude other convenient
and appropriate ways of raising the question. Upon exception to the
libel, the question may be completely considered and determined. It
is true that that proceeding will only determine the liability in the
particular case, and is not sufficient for bringing into concourse all
the claimants as intended by the act of Congress and rules. Such a
course of pleading by exception is not obligatory upon the libelants,
and they may raise the question in the usual way provided by the
rules; but if they choose to raise it in a different way and invoke the
jurisdiction of the court, and during the pendency of the cause still
insist on that jurisdiction, they may not be permitted to go into an-
other concurrent jurisdiction and thus bring the two courts into con-
flict. It was never intended that one federal court of concurrent juris-
diction should restrain another court of equal jurisdiction from pro-
ceeding with the cause. It would be an unseemly conflict of juris-
diction.

It is alleged in the petition that suit has been brought by the admin-
istrator of a decedent arising out of the same accident, in the county
court of the city of Memphis, and that still another suit may be
brought. This only adds to the reasons for not interfering. All the
parties alleged to have been injured are within the jurisdiction of the
District Court for the Western District of Tennessee. A complete
concourse of all the people having claims can thus be brought within
that district. To commence the limited liability proceeding here, hun-
dreds of miles away from the place of the accident, would mean to
bring the unfortunate people with all their witnesses here at an ex-

pense to them which might prevent their coming and be a denial of justice, for the poor reason that the vessel, after the accident, came away and has chosen not to again return to the jurisdiction where the accident happened.

We do not think the rules are iron-clad or were intended to do such manifest injustice; but we do believe they were intended to accomplish just what the Chief Justice said in Ex parte Slayton, 105 U. S. 451, 26 L. Ed. 1066, and which we have heretofore quoted.

For the above reasons, we are of opinion that this court does not have jurisdiction of the petition for limited liability, but that petitioners must go to the District Court for the Western Division of the Western District of Tennessee to institute their proceeding.