## THE KATAHDIN.

### In re CLYDE S. S. CO.

(District Court, S. D. New York. December 4, 1923.)

1. Shipping ⬤═209(1)—Petition for limitation of liability may be filed in any district where vessel has been libeled.

Where a ship has been libeled for collision in different districts, and she has been released on stipulation, a petition for limitation of liability may be filed in either district.

2. Shipping ⬤═209(1)—Jurisdiction of limitation proceedings cannot be given by collusive suit.

Where a ship has been libeled for collision a second time in a different district through collusion, for the purpose of enabling the owner to file a petition for limitation of liability in that district, it will not be permitted to have that effect, though the second libel may be meritorious, but for the purpose of determining jurisdiction of the limitation proceeding the first libel only will be considered.

3. Shipping ⬤═209(3)—Evidence taken in collision suit may be used in limitation proceedings.

Where limitation proceedings are instituted in a district other than that in which the ship was first libeled, and where evidence has been taken, the court may in its discretion permit such evidence to be used in the limitation proceeding.

In Admiralty. Petition by Clyde Steamship Company, as owner of the Steamship Katahdin, for limitation of liability. On motion to dismiss petition. Reference granted for taking of testimony.

This is a motion to dismiss the petition of the Clyde Steamship Company to limit its liability as owner of the steamship Katahdin. On August 3, 1923, the Continentale Rhedrei Corporation, owner of the steamship Freifeld, filed a libel in rem in the United States District Court for the Southern Division of the Southern District of Alabama, because of a collision between the Freifeld and the Katahdin in Mobile on August 2, of the same year. The libel laid damages at $120,000, and after her arrest the Katahdin gave a stipulation for $95,000 and was released. On August 20, 1923, the petitioner here, which had appeared as claimant of the Katahdin, filed its cross-libel in the sum of $10,000, and procured a stipulation from the libelant in the original libel in that sum.

The petitioner filed a petition in this court on September 8, 1923, to limit its liability, which was dismissed on October 26, 1923, because the only libel then pending was in the District Court for the Southern District of Alabama. The petition at bar was filed on November 8, 1923, reciting the foregoing facts, and in addition that on the day on which it was filed two seamen of the Katahdin, Kennedy and Rich, had filed libels in rem in this district, in the sums of $10,000 and $5,000, respectively, for personal injuries in the same collision. The petition alleged that the Katahdin was at the time of filing within this district and offered to give a stipulation for her value after appraisal. The papers supporting the motion challenged the good faith of the libels in rem of the seamen, and asked a dismissal on that ground, as well as. on the law.

George Whitefield Betts, Jr., and John W. Crandall, both of New York City, for the motion.

Chauncey I. Clark and Frederic Conger, both of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1] Perhaps it is true that rule 54 of the Admiralty Rules is not exhaustive of all cases in which a petition of limitation will lie. Ex parte Slayton, 105 U. S. 451, 26 L. Ed. 1066; In re Louisville & Cincinnati Packet Co. (D. C.) 223 Fed. 185, 190–193; The Enterprise (D. C.) 196 Fed. 404, 410. Yet in cases where the rule provides for jurisdiction I cannot agree with the ruling in The Enterprise, supra, that this court has the power to dismiss the petition, because the case is a hard one. In the case at bar the vessel has been three times libeled, once in Alabama and twice in this district. Verbally, at any rate, the first provision of the rule applies, and the petition well lies here. As there is no provision in the rule deciding between districts when a ship has been libeled more than once, it seems to follow that the petition may be filed in either district.

The position of the Alabama libelant is that the court of the first jurisdiction should have precedence, but that is based upon a misconception. The res to be administered is not the stipulation in Alabama. That was given only in substitution for the lien in that suit, and is the only res left in that district. The ship must be brought there to be surrendered, or the appraisal may be undertaken and a new stipulation given for the ship's value. That stipulation or the ship is the res to be administered, and not the stipulation on which the arrest was discharged. There is, therefore, so far as I can see, no reason why the petition should not be brought in either of the districts where the ship has been arrested, if she be released. Perhaps if she be still under arrest, and the petitioner means to surrender her, it will lie only where she is; but that point is not raised in this case.

[2] Therefore, if the libels in this district are not collusive, and intended merely to retain jurisdiction here, the motion must be denied. If they are, I think that a different result should follow. In that case I should feel myself bound by the first clause of the rule. If it be argued that even then the petition may be filed where the ship is, I answer that, if the owner wishes to limit, it is a right with the conditions upon which he must comply, and one of these is that he go where she has been arrested. Even though he means to surrender her, there is no reason why the rule should be abated in his favor, if she chance to be elsewhere. It was he who moved her thence. I do not say that she must be actually present in the district if he seeks to file a stipulation in her stead, but only that, if so, he should have filed it before she left. Once she leaves, he takes his chances that she may have to return, in case she is not libeled elsewhere. It seems to me intolerable that when a single libel is filed, the owner should be able to draw the litigation where he wills by releasing her from arrest, and putting her into a new port, perhaps a thousand miles away.

Therefore, if the Alabama libelant wishes, it may take a reference on the issue whether the New York libels are collusive merely. By that I mean whether they have been instigated by the owner for the purpose of removing the litigation from Alabama to this court. If that be true, it makes no difference that the libelants have claims, and may in fact be able to recover some damages in this court. Since the rule says nothing as to which of two jurisdictions shall prevail when several libels have been filed, it appears to me well within the discretion of this court to decline jurisdiction when the owner has stirred up litigations which would not have otherwise been brought, for the sole purpose of relieving himself from litigating the truly contentious controversy where it arose.

[3] Furthermore, even though the commissioner shall decide that the New York libels were spontaneous, the Alabama libelant ought not to be compelled to take again the evidence which has been already taken, or to wait until the case shall be reached in due course on our docket. In The Benefactor, 103 U. S. 239, 244, 26 L. Ed. 351, the right to require the petitioner to allow such evidence to be used was said to rest in discretion.

Therefore, regardless of the result of the reference, the cause may be marked for the January term, and an order entered that the evidence already taken may be used in this proceeding.

Settle order on notice.