### THE W. C. FRANZ.

### In re ALGOMA CENT. & H. BAY RY. CO.
### No. 1948.

District Court, W. D. New York.
March 26, 1936.

Brown, Ely & Richards, of Buffalo, N. Y., for Great Lakes Transit Corporation.

Stanley & Gidley, of Buffalo, N. Y., for Broenniman Co. et al.

Duncan, Leckie, McCreary, Schlitz & Hinslea, of Cleveland, Ohio, for Algoma Cent. & H. Bay Ry. Co.

RIPPEY, District Judge.

On November 21, 1934, a collision occurred between the steamer Edward E. Loomis, owned and operated by the Great Lakes Transit Corporation, and the steamer W. C. Franz, owned and operated by the Algoma Central & Hudson Bay Railway Company, on Lake Huron on the American side of the international boundary line about 35 miles southeast of Thunder Bay Light and from 22 to 23 miles offshore directly east of a point about 4

miles southeast of Sturgeon Point, Mich. As a result of the collision the steamer Franz was sunk, four of her crew were drowned, one or more received injuries, and all lost their personal effects, and the Loomis was severely injured but did not sink.

The Algoma Central & Hudson Bay Railway Company, as owner of the steamer W. C. Franz, filed a libel in personam against the Great Lakes Transit Corporation in the United States District Court for the Northern District of Ohio and process issued out of that court and the owner of the Loomis was summoned therein by such process.

Thereupon, on December 14, 1934, the Great Lakes Transit Corporation filed a petition for limitation of liability in the United States District Court for the Western District of New York. The Loomis was taken to Buffalo, N. Y., immediately after the collision and was at Buffalo at the time her owner commenced said limitation proceeding. In that proceeding the owner of the Loomis set forth in detail the facts of the collision, alleged that the collision was due exclusively to the negligence of the Franz, and specifically set up twelve different charges of negligence against the Franz. The Loomis was turned over to a trustee and a monition issued bringing all claimants within the jurisdiction of the court in the Western District of New York, and an injunction was granted restraining proceedings by any such claimants, including the owner of the Franz, from proceeding in any other court. In this petition the owner of the Loomis asserted that it was not liable at all and requested the right to contest any liability on all the facts of the collision, and thereupon asserted that if liable at all its liability should be limited. In that limitation proceeding the owner of the Franz filed an answer on January 19, 1935, in which it claimed that the collision occurred solely through specific faults of the Loomis. This answer did not contain any prayer for limitation of liability on the part of the owner of the Franz in the event that the Franz was found to be responsible for the collision. All possible claimants against the Loomis presented their claims in the limitation proceeding, as they were required to do, a commissioner having been appointed to receive such claims. The case went to trial on February 27, 1935. The trial was completed on March 6, 1935,

and preliminary argument made. On that date final argument was set down for April 6, 1935, at which time briefs were to be filed and the case submitted. For various reasons the case was not submitted until a much later date. Decision was rendered in that case completely exonerating the Loomis.

The Algoma Central & Hudson Bay Railway Company filed its claim for the loss of the Franz. Every possible issue that could at any time be tried in connection with the liability of the Loomis with respect to the aforesaid collision, except as to amount of such liability, and the rights of all claimants against the Loomis and her owner, except that of the owners and insurers of the cargo, if any, were fully and completely litigated and finally decided. The City of Boston (D.C.) 159 F. 261; The Rochester (D.C.) 230 F. 519; Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. Every claimant was bound to come into that proceeding, whether living within or without the district, and the jurisdiction of the court was exclusive. The San Pedro (Metropolitan Redwood Lumber Co. v. Doe), 223 U.S. 365, 32 S.Ct. 275, 56 L.Ed. 473, Ann.Cas. 1913D, 1221. Counsel for the Franz asserted at the outset of the trial that, in the event both vessels were at fault, thereby requiring a division of damages between the owners of the two vessels, the Loomis could offset whatever it had to pay against the damages recovered against the Franz. Counsel for the Loomis asserted that its proceeding was purely defensive and that no affirmative claim for damages was made against any one. What would actually have happened had both vessels been held at fault was that, as between the Franz and the Loomis, there would be a division of damages; yet there would be only a single liability arising in favor only of the Franz as claimant to recover for one-half of the difference between the respective losses. The North Star, 106 U.S. 17, 20, 1 S.Ct. 41, 27 L.Ed. 91.

On March 20, 1935, the petition of the Algoma Central & Hudson Bay Railway Company for limitation of its liability was filed in this court. An order was made turning over all the interest of the owner of the Franz to a commissioner, but the Franz was gone and no part of the wreck was in the jurisdiction of this court. Ex-

ceptions were filed by the owner of the Loomis and by the owners and insurers of the cargo of the Loomis, appearing specially for the purpose. A stipulation was entered into on April 29, 1935, between the attorneys for the owners of the two vessels involved and of the cargo aforesaid, extending the time of the owner of the Loomis and of the owners and insurers, of the cargo to file an answer and to file any claim therein to ten days following the hearing and determination of the said objections and exceptions, and an order was entered to that effect. Thus, the allegations of the petition are not, even now, at issue.

At several points during the course of the trial and hearing in the Loomis proceeding the court inquired as to whether the question of liability of the Franz for damages or as to whether the question of limitation of her owner's liability was involved, and all counsel insisted there were no issues of that kind before the court. No evidence was presented on the subject, and no question was raised by either side as to limitation of liability on the part of the Franz on any briefs submitted.

On January 11, 1936, the court addressed a letter to all counsel involved in the Loomis proceeding, in which, among other things, appears the following statement:

"I also wish to call· your attention to the fact that the Franz filed a petition in this district for limitation of liability. Charles Desmond was appointed as commissioner to take proofs of claims; certain claims have been filed in that proceeding; exceptions have been filed by the attorneys for the Loomis, and it seems that that has been the end of the proceedings to date. In view of the fact that this proceeding has to do with the same subject matter as has the proceeding for limitation of liability on the part of the Loomis, do you wish or expect or is it proper or necessary to dispose of the proceeding of the Franz for limitation of liability at the same time that the other matter is disposed of?

"Will each of you please send a copy of your reply to your opponents and let me hear from you as soon as it is convenient. If it is advisable or necessary to have a hearing on these questions and you ·wish it I will set a date and place as early as possible."

A reply was received from counsel for the Franz as follows:

"As to disposing of the question as to the limitation of the steamer Franz, it is our understanding that this question will will be held in abeyance until the question of the liability of the two steamers is decided."

Counsel for the Loomis replied:

"It is our understanding that at the hearing before you in Rochester on May 20th, it was arranged that hearing upon the exceptions and determination of the questions raised by the exceptions should be held until and await the determination of decision in the case arising upon the petition of the Great Lakes Transit Corporation for limitation of liability."

Counsel for other claimants stated that they concurred in the conclusions of counsel for the Loomis. The parties thus held the two limitation proceedings unrelated, separate, distinct, and independent of each other and declined to have them heard together.

The court thereupon filed its decision in the Loomis case without having passed upon the exceptions filed in the Franz limitation proceeding or taking any testimony whatever in that proceeding.

Counsel for the owner of the Franz thereupon brought on for hearing the exceptions to their petition for limitation. By the exceptions the question as to whether this court has any jurisdiction to entertain this limitation proceeding is challenged. It is pointed out that under the laws of the Dominion of Canada, under which the petitioner exists, liability for any loss of life, personal injury, ·or damage may not be limited in respect to loss of life or personal injury to less than $72.97 for each ton of the tonnage of the steamer liable, nor in respect to damage to other vessels, to goods and merchandise to less than $38.92 for each ton of the tonnage of such steamer.

Under section 4284 of the Revised Statutes, as amended (46 U.S.C.A. § 184), the owner of the Franz might institute and maintain a limitation proceeding in any District Court of competent jurisdiction, provided it was not guilty of laches. In re Slayton, 105 U.S. 451, 26 L.Ed. 1066; Gleason v. Duffy (C.C.A.) 116 F. 298; The Scotland, 105 U.S. 24, 26 L.Ed. 1001.

Under rule 54 of the Admiralty Rules (28 U.S.C.A. p. 410, following section 723), any District Court has jurisdiction of limited liability procedure (1) where the

ship or vessel may be libeled to answer for loss, destruction, damage, or injury, or (2) if the ship has not been libeled, where the owner may be sued in that behalf. The Franz could not be libeled in the Western District of New York because neither it nor any of its wreckage was there present, nor was it destined, at the time of the disaster, to any port within that district. Its owner could not be sued in personam in that district because it was a Canadian corporation. The rule further provides that when such ship has not been libeled to answer and suit has not been commenced against the said owner, or has been commenced in a district other than that in which the vessel may be, the proceeding may be had in the district in which the ship may be, and where it may be subject to the control of the court for the purposes of the case, or, if it has been libeled or sold, the proceeds which represent the ship. Suit was not commenced by the owner of the Loomis against the owner of the Franz by the filing of the petition for limitation of liability by the Loomis. This rule has been construed in The Enterprise (D.C.) 196 F. 404, as requiring "the owner to commence his proceeding for limited liability where the libel has been filed or suit brought against the owners, and that, if no libel has been filed or suit brought, then he may present his petition to the District Court of the United States where the vessel is."

In Providence & New York Steamship Company v. Hill Manufacturing Company, 109 U.S. 578, at page 598, 3 S.Ct. 379, 392, 617, 27 L.Ed. 1038, Justice Bradley, although not passing upon the specific question, remarks:

"When cases arise in which the vessel and freight have been totally lost, and no district court has, or can have, possession of any fund to distribute, resort may probably be had with propriety to the district court of the district in which the owners reside, or where the vessel perished."

If the owner of the Franz had been entitled to come into the Loomis limited liability proceeding under the provisions of Admiralty rule 56 (28 U.S.C.A. following section 723), it would have been required to file a stipulation with sufficient sureties or an approved corporate surety to pay the owner of the Loomis or any claimant all costs, damages, and expenses as should be awarded against it by the court on a final decree. This they did not do. The Algoma Central & Hudson Bay Railway Company, the petitioner, is a corporation organized and existing under the laws of Canada. The corporation may not be sued in personam in connection with the Loomis limited liability proceeding, nor is any part of the wreck of the Franz in United States territory, nor has the owner of the Franz placed the Great Lakes Transit Corporation or any other claimant in a position to recover damages in personam in the event that the limitation proceedings on the part of the Franz should be entertained and limitation should be denied.

It is now claimed by counsel for the petitioner that by inadvertence, oversight, or error this proceeding was entitled as limitation of liability of the steamer Franz, and the petitioner believed that it was limiting liability in one proceeding in the same court. The occurrences during and after the trial of the Loomis case would seem to indicate that all counsel desired to have the instant proceeding considered by the court as separate from and independent of the Loomis proceeding. If the litigation were between foreigners, the District Court might decline or entertain jurisdiction, in its unqualified discretion, whether the collision occurred on the high seas (The Belgenland, 114 U.S. 355, 365, 5 S.Ct. 860, 29 L.Ed. 152) or in American waters on the Great Lakes (Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837), and the exercise of its discretion would not be disturbed unless abused (Charter Shipping Co. v. Bowring, Jones & Tidy, Ltd., 281 U.S. 515, 517, 50 S.Ct. 400, 74 L.Ed. 1008). Here, the litigation is between a citizen of Canada and a citizen of the United States, and it would seem that jurisdiction in this district is possible only if definitely authorized by the acts of Congress, supplemented by the rules in admiralty.

Under the circumstances as outlined above, the proceeding instituted by the owner of the Franz for the limitation of its liability must be deemed an independent proceeding and the right to its maintenance in this court must be decided without reference to the proceeding of the Loomis for limitation of liability. It is my opinion that the court is without jurisdiction to entertain the proceeding. The exceptions must therefore be sustained and the petition dismissed, and it is so ordered.