### WABASH R. CO. v. DUNCAN.
### No. 13814.

United States Court of Appeals
Eighth Circuit.
Oct. 15, 1948.

Rehearing Denied Nov. 5, 1948.

Sam B. Sebree of Kansas City, Mo., and Mr. Christian F. Stipp of Carrollton, Mo. (Graham & Stipp, of Carrollton, Mo., and John S. Marley, and Sebree, Shook, Hardy & Hunter, all of Kansas City, Mo., on the brief), for petitioner.

W. A. Franken of Carrollton, Mo., for respondent.

Before WOODROUGH, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This matter comes before the court upon the petition of the Wabash Railroad Company for writ of prohibition directed to the Honorable Richard M. Duncan, one of the judges of the Western District of Missouri, and the other judges of the district, to proceed no further in a certain condemnation proceeding pending in that court.

When the proceeding, more fully described below, had reached the point where the court was about to appoint commissioners to determine the damages which the petitioner would sustain by reason of the condemnation, petitioner applied to this court for leave to file its petition for writ of prohibition. The application was granted, and an order was entered directed to Judge Duncan to show cause and to stay further proceedings pending the hearing of the petition. Judge Duncan has filed his return, and the case has been submitted on briefs and oral arguments.

The petitioner bases its alleged right to the writ upon three grounds: 1. That the condemnor is without power under the Missouri statutes to condemn the land it seeks to take; 2. That to proceed further the district court would exceed its jurisdiction; and 3. The petitioner has no right of appeal at this stage of the proceedings and no adequate remedy unless the writ issue to prevent irreparable injury.

The condemnation proceeding sought to be prohibited was originally begun by the State of Missouri ex rel. Arthur Bultman, et al., constituting the Board of Supervisors of the Sambo Slough Levee District of Carroll County, Missouri, plaintiffs, v. Wabash Railroad Company, defendant, in the Circuit Court of Carroll County, Missouri, and removed at the instance of the defendant to the district court on the ground of diversity of citizenship.

The levee district in question, consisting of approximately 8,000 acres, lies north of the Missouri river in Carroll county and south of the line of the Wabash Railroad, but not touching its right-of-way. The river and the railroad run in an east-west direction. The Wakenda creek flows from west to east, also, north of the line of the railroad at the foot of the bluffs. The creek turns to the south east of the land involved herein, passes under bridge 516 in the railroad embankment and discharges into the river south and east of the levee district. The levee district has constructed a levee along the banks of the river parallel to the railroad tracks. Drainage District No. 3 north of the railroad has constructed a levee along the south side of Wakenda creek. In time of floods this levee is inadequate, and the flood water from the creek and the back water from the river flowing through the opening at bridge 516 create a pool on the north side of the railroad embankment. In order to release the flood water thus accumulated north of its tracks the petitioner has constructed an opening in its embankment, referred to as bridge 518, 2.9 miles west of bridge 516. This opening permits the flood water to pass out of the pool under bridge 518 and overflow the agricultural land in the Sambo Levee District south of the railroad tracks.

The object of this condemnation is to build a "ring" levee on the south side of the railroad right-of-way at bridge 518 and thus close the opening at that point, forcing the flood waters to flow back east along the north side of the railroad embankment and to pass out under bridge 516 where they now come in to create the pool.

The power of the levee district to condemn land for its statutory purposes is stated in § 12519 of the Revised Statutes of Missouri, 1939, Mo.R.S.A., which provides that: "In order to effect the leveeing, protection and reclamation of the land and other property in the district * * *, the board of supervisors is authorized and empowered to * * * fill up any creek, drain, channel, * * * or natural stream; and to divert or divide the flow of water in or out of said district; * * to construct any and all of said works and improvements across, through or over any public highway, railroad right-of-way, track, grade, fill or cut in or out of said district; * * * and if need be, condemn any land, easement, railroad or other

right-of-way, sluice or franchise in or out of said district * * * for any of the purposes herein provided * * *"

It is, also, the law of Missouri that the right to appropriate by condemnation the property of a railroad "shall be limited to such use as shall not materially interfere with the uses to which, by law, the corporation holding the same is authorized to put said lands." Mo.R.S.A. § 1512.

In its answer to the levee district's petition to condemn land for the ring levee the defendant railroad company alleged that the construction of the levee would materially interfere with the operation of its railroad and that by closing the opening at bridge 518 the railroad embankment would be made a levee for approximately two miles.

Upon these issues the court found: "(1) that the construction of the proposed levee will not materially interfere with the operation by defendant of its railroad; (2) that said levee will close an opening through defendant's embankment which affords an outlet for the overflow of waters from Wakenda Creek; and (3) that the construction of the proposed levee will under certain conditions make a levee of the defendant's embankment for a distance of two miles or more."

The third finding can mean only that when the flood waters of the Missouri river recede, the water in the pool north of the railroad embankment will be forced to go back along the embankment to the east and escape through the opening at bridge 516 instead of flowing out under bridge 518 at the west end of the pool and passing over the agricultural land in the Sambo Slough Levee District. No part of the embankment touched by the receding water is included in the land sought to be condemned. The contention of the petitioner is that such use of its embankment is a "taking" of its property which cannot be compensated in damages, and that such "taking" is beyond the powers of the levee district and accordingly in excess of the powers of the court.

■■■ We first consider the power of this court to issue the writ of prohibition

and the limitations of such power. Section 1291, Title 28 of the Federal Judicial Code of 1948, 28 U.S.C.A. § 1291, provides that: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, * * * except where a direct review may be had in the Supreme Court."

Section 1651, 28 U.S.C.A. § 1651, provides that: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law."

Obviously the authority of this court to issue a writ of prohibition to a district court or judge is only that which may properly be deemed to be auxiliary to its appellate power. United States v. Mayer, 235 U.S. 55, 65, 35 S.Ct. 16, 59 L.Ed. 129.

■ In Ex parte Slayton, 105 U.S. 451, 453, 26 L.Ed. 1066, the Supreme Court said: "We cannot, on an application for a writ of prohibition, determine what shall be the effect of any judgment of the District Court while exercising its rightful jurisdiction."

■ In Terminal R. Ass'n of St. Louis v. Moore, Judge, 8 Cir., 145 F.2d 128, 129, this court said: "Even where there is clear jurisdiction in the appellate court to issue the writ of prohibition, it will not issue if 'the jurisdiction of the lower court is doubtful.'" (Citing authorities.)

The law of Missouri in respect of the granting of the writ of prohibition to prevent an inferior court from asserting a jurisdiction that it does not have or exceeding a jurisdiction that it does have does not differ substantially from the rule in the federal appellate courts. The Missouri law was reviewed by this court in Doyne v. Saettele, 8 Cir., 112 F.2d 155, 161.

■ The important question here, therefore, is whether the district court would exceed its jurisdiction by appointing commissioners to determine the damages which the railroad company will sustain by reason of the construction of the

ring levee and closing the outlet at bridge 518. It must be conceded that the district court has jurisdiction of the condemnation case under § 1332(a) (1) of the Judicial Code of 1948, 28 U.S.C.A. § 1332(a) (1). The contention is that it is without power to proceed further because the levee district is authorized under § 12519 of the Revised Statutes of Missouri 1939, Mo. R.S.A., supra, to construct its works *"across, through or over* any * * * railroad right-of-way, track, grade, fill or cut in or out of said district", and to condemn land within such limitation. (Emphasis supplied.) Without determining whether or not the petitioner's construction of the statute in its application to the present proceeding is correct, we think it is doubtful; and we are of the opinion that, if correct, it does not affect the jurisdiction of the district court. "Jurisdiction is the right to put the wheels of justice in motion and to proceed to the final determination of a cause upon the pleadings and evidence. * * * It may undoubtedly be shown in defense that plaintiff has no right under the allegations of his bill or the facts of the case to bring suit, but that is no defect of jurisdiction, but of title." Illinois Central Railroad Co. v. Adams, 180 U.S. 28, 34, 21 S.Ct. 251, 253, 45 L.Ed. 410. See, also, Walling v. Miller, 8 Cir., 138 F.2d 629, 631, and cases cited.

So the question raised here of the right of the levee district does not affect the jurisdiction of the court but goes to the merits. See the discussion of this point in Illinois Central Railroad Co. v. Adams, supra, 180 U.S. at pages 34 and 35, 21 S.Ct. 251. The issue of a writ of prohibition would in no way protect or aid the appellate jurisdiction of this court.

Petitioner's third contention, namely, that it will suffer irreparable injury as a result of the construction of the levee because damages will not constitute an adequate remedy is conjectural only and cannot be considered upon the record before us.

For the foregoing reasons the writ of prohibition will be denied and the stay order heretofore granted will be dissolved.